J-S75010-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DOUGLAS A. KEYS | |
| Appellant | No. 2875 EDA 2013 |

Appeal from the Judgment of Sentence September 12, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006719-2012

BEFORE:  ALLEN, J., LAZARUS, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JANUARY 16, 2015**

Appellant, Douglas A. Keys, appeals from the September 12, 2013 judgment of sentence, imposing an aggregate five to ten years' incarceration following his conviction at a non-jury trial for burglary and possession of an instrument of crime (PIC).[1]  Furthermore, Appellant's counsel filed a petition to withdraw as counsel with this Court, together with a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and its progeny, averring the appeal is wholly frivolous.  After careful review, we vacate the judgment of sentence and remand to the trial court for resentencing.  We also deny counsel's petition to withdraw.

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(1) and 907(a), respectively.

The certified record discloses the following procedural history pertinent to this appeal. Appellant was charged on April 7, 2012, with numerous offenses in connection with his forced entry into the home of complainant, Elliot Quattlebaum, while brandishing an air-gun rifle.[2] On August 22, 2012, Appellant filed an omnibus pretrial motion seeking suppression of statements and physical evidence on various grounds. The certified record does not contain any indication of a hearing on Appellant's omnibus pretrial motion or a disposition of the motion by the trial court. On June 21, 2013, Appellant waived his right to a jury trial, and a bench trial proceeded before the trial court. At the conclusion of the testimony, the trial court found Appellant guilty of burglary and PIC and not guilty of the remaining charges.

On September 12, 2013, the trial court sentenced Appellant to five to ten years' incarceration for the burglary conviction. In so doing, as requested by the Commonwealth, the trial court applied the mandatory sentence pursuant to 42 Pa.C.S.A. § 9712. The trial court sentenced Appellant to a concurrent one to two years' incarceration for the PIC charge. Appellant filed no post-sentence motion. On October 11, 2013, Appellant filed a timely notice of appeal. On October 16, 2013, the trial court issued

_____

[2] The charges included robbery, 18 Pa.C.S.A. § 3701(a)(1)(iii); burglary, 18 Pa.C.S.A. § 3502(a)(1); criminal trespass, 18 Pa.C.S.A. § 3503(a)(1)(i); theft by unlawful taking, 18 Pa.C.S.A. § 3921(a); receiving stolen property, 18 Pa.C.S.A. § 3925(a); PIC, 18 Pa.C.S.A. § 907(a); simple assault, 18 Pa.C.S.A. § 2701(a); and recklessly endangering another person 18 Pa.C.S.A. § 2705.

an order directing Appellant to file a concise statement of errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925, within 21 days of the order. On December 24, 2013, pursuant to Rule 1925(c)(4), in lieu of a concise statement, counsel filed a statement of his intention to file an **Anders** brief. The trial court filed a Rule 1925(a) opinion addressing the sufficiency of the evidence supporting Appellant's convictions. On July 23, 2014, counsel filed a motion to withdraw as counsel and accompanying **Anders** brief. Appellant has not filed any response.

In his **Anders** brief, counsel raises the following issue for our review.

Was the evidence sufficient to prove burglary and [PIC]?

**Anders** Brief at 2.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, we review counsel's **Anders** brief for compliance with the requirements set forth by our Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record,

controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005) and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). If satisfied with counsel's compliance, "[o]ur Court must then conduct its own review of the proceedings and make an independent judgment to decide whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa. Super. 2013) (citation omitted).

Instantly, we conclude counsel has not substantially adhered to the procedural requirements of **Anders**. Counsel avers he "made a conscientious examination of the record," but makes no reference to the unresolved omnibus pretrial motion. **Anders** Brief at 8. Counsel offers no explanation for the failure of the trial court to address the issues raised therein or for the lack of any record if the issues were addressed. This Court

has held that a counsel's failure to adequately review and cite to the record is insufficient to meet the technical requirements of an **Anders** brief. "The major thrust of **Anders** was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record …." **Commonwealth v. McClendon**, 434 A.2d 1185, 1188 (Pa. 1981) *abrogated on other grounds by* **Santiago**, **supra**; **See also Commonwealth v. Vilsaint**, 893 A.2d 753, 758 (Pa. Super. 2006) (holding counsel's failure to secure all transcripts precluded compliance with his obligation under **Anders** to "review[] the record to the extent required by **Anders/McClendon**"); **Commonwealth v. Goodenow**, 741 A.2d 783, 786 (Pa. Super. 1999) (holding counsel's inadequate recital of the procedural history of a case with references to the record in his **Anders** brief did not meet the technical requirements of **Anders** or evidence counsel's required review).

Upon presentation of a non-compliant **Anders** brief, we would typically deny counsel's motion to withdraw and direct the filing of a compliant **Anders** brief or an advocate's brief. **Commonwealth v. Goodwin**, 928 A.2d 287, 289 (Pa. Super. 2007). However, our independent review has revealed a sentencing error by the trial court implicating the legality of Appellant's sentence, which requires remand to the trial court. Specifically, the trial court imposed the mandatory sentence on the burglary charge

- 5 -

pursuant to 42 Pa.C.S.A. § 9712.[3] This sentencing provision has recently been held to be unconstitutional in its entirety as violative of the United States Supreme Court's ruling in *Alleyene v. United States*, 133 S. Ct. 2151 (2013), that facts that increase mandatory minimum sentences must be submitted to the finder of fact and must be found beyond a reasonable doubt. *Commonwealth v. Valentine*, 101 A.3d 801, 811-812 (Pa. Super. 2014). Sentencing issues "premised upon *Alleyene* … implicate[] the legality of the sentence and cannot be waived on appeal." *Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*). "Legality of sentence questions … may be raised *sua sponte* by this Court." *Commonwealth v. Watley*, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2014) (citation omitted). "An illegal sentence must be vacated." *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa. Super. 2013) (citation omitted). "Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citation omitted).

---

[3] Section 9712 provides for the imposition of a five-year mandatory minimum sentence of incarceration for any person convicted of a crime of violence, which includes burglary under 18 Pa.C.S.A. § 3502(a)(1), if it is shown by a preponderance of the evidence at sentencing that "the person visibly possessed a firearm or a replica of a firearm, whether or not the firearm or replica was loaded or functional, that placed the victim in reasonable fear of death or serious bodily injury, during the commission of the offense." 42 Pa.C.S.A. § 9712.

In this case, at the sentencing hearing, the trial court, with apparent concern for the implications of **Alleyene**, which had been announced three months earlier, specifically found "that [Appellant] did visibly possess a replica of a firearm that placed the victim in reasonable fear of death and serious bodily injury … and **I am making that finding beyond a reasonable doubt**."  N.T., 9/12/13, at 9 (emphasis added).  We conclude, the trial court's employment of the higher burden of proof is unavailing.

In **Valentine**, this Court determined that the mandatory minimum sentences imposed pursuant to Sections 9712 and 9713 were unconstitutional even if the facts that trigger the mandatory minimum sentence are submitted to the fact-finder and found beyond a reasonable doubt, instead of by the trial court by a preponderance of evidence at sentencing.  **Valentine**, **supra** at 811-812.  In so concluding, the Court recognized that our decision in **Newman** held "that the unconstitutional provisions of § 9712(c) and § 9713(c) are not severable … and that the statutes are therefore unconstitutional as a whole."  **Id.**; **see also Commonwealth v. Fennell**, --- A.3d ---, 2014 WL 6505791 (Pa. Super. 2014) (holding that notwithstanding the fact triggering the imposition of a mandatory sentence under 18 Pa.C.S.A. 7508 was stipulated to at trial, the statute was facially unconstitutional under the principles of **Newman** and **Valentine**), **Commonwealth v. Wolfe**, --- A.3d. ---, 2014 WL 7331915 (Pa. Super. 2014) (holding that the mandatory minimum sentencing

provision of 42 Pa.C.S.A. 9718(a)(1) was unconstitutional even though the triggering fact was also an element of the offense for which Appellant was convicted).

Based on the foregoing, we conclude the trial court imposed an illegal sentence when it sentenced Appellant to a mandatory minimum sentence pursuant to Section 9712. Accordingly, we vacate the September 12, 2013 judgment of sentence and remand to the trial court, with instructions to resentence Appellant without consideration of the mandatory minimum sentence at Section 9712, consistent with this memorandum.[4] Additionally, we deny counsel's petition to withdraw as counsel.

Judgment of sentence vacated. Case remanded. Petition to withdraw as counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/16/2015

---

[4] We vacate the September 12, 2013 sentence in its entirety to avoid disrupting the sentencing scheme as a whole. *See Commonwealth v.* ***Williams***, 997 A.2d 1205, 1210-1211 (Pa. Super. 2010) (holding it is better practice to vacate a sentence in its entirety where a correction by the Court of a part of the sentence may alter the sentencing scheme of the trial court).