658 A.2d 822

**COMMONWEALTH of Pennsylvania,**

v.

**John KASECKY, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 7, 1995.

Filed May 12, 1995.

Michael S. Oreski, Asst. Public Defender, Washington, for appellant.

John C. Pettit, Dist. Atty., Washington, for Com., appellee.

Before CAVANAUGH, JOHNSON and SAYLOR, JJ.

CAVANAUGH, Judge:

By criminal information filed by the Commonwealth on June 11, 1992, appellant John Kasecky was charged with one count of involuntary deviate sexual intercourse ("IDSI") and one count of corruption of minors; these charges arising out of appellant's alleged sexual assault of his fifteen year old daughter. Appellant eventually entered an open plea of guilty, on March 14, 1994, to one count of IDSI.[1] Prior to sentencing, however, appellant petitioned the trial court for permission to withdraw his guilty plea. Following a hearing on this matter, the trial court denied the petition. Appellant was subsequently sentenced to serve a term of imprisonment of not less than two and one half years less two days, to not more than five

---

1. The Commonwealth nolle prossed the corruption of minors charge.

years less one day. Appellant then filed this appeal, raising the following issues for our review:

I. Whether the trial court erred in not permitting the defendant to withdraw his presentence guilty plea?

II. Whether defendant's guilty plea was entered competently due to the fact that he was under medication at the time the plea was entered?

For the reasons which follow, we affirm.

With respect to the withdrawal of a guilty plea, Pennsylvania courts have stated:

There is no absolute right to withdraw a guilty plea. *Commonwealth v. Hayes*, 462 Pa. 291, 341 A.2d 85 (1975). Courts have the discretion to permit or direct a guilty plea to be withdrawn at any time before sentencing. *Commonwealth v. Coles*, 365 Pa.Super. 562, 530 A.2d 453 (1987); Pa.R.Crim.P. 320. When a defendant moves to withdraw his plea prior to sentence, he need only show a "fair and just" reason for the withdrawal and a lack of substantial prejudice to the Commonwealth. *Commonwealth v. Anthony*, 504 Pa. 551, 475 A.2d 1303 (1984); *see also Commonwealth v. Jackson*, 390 Pa.Super. 639 [569] A.2d 964 (1990).

*Commonwealth v. Iseley*, 419 Pa.Super. 364, 371, 615 A.2d 408, 412 (1992).

■ Appellant makes two arguments with respect to the first issue. First, he contends that he should have been allowed to withdraw his guilty plea because he maintained his innocence throughout the proceedings, and he did not realize that, by pleading guilty, he was admitting that he committed the offense of IDSI. A review of the record, however, reveals that appellant's assertion of innocence is being made for the first time on appeal: in his petition to withdraw his guilty plea, appellant did not contend that he should be allowed to withdraw his plea because he was innocent; and at the hearing held on the petition, appellant did not assert that he was innocent. We additionally note that appellant had been instrumental in effecting extreme delay throughout this case on the basis of his alleged poor physical condition and attend-

ant health problems: this case has been listed for trial numerous times; appellant requested and received continuances on several occasions just prior to trial; and on at least one occasion appellant checked himself into the hospital on the eve of trial, not having informed the court, and checked himself out only after the trial had been continued. *Cf. Commonwealth v. Cole,* 387 Pa.Super. 328, 564 A.2d 203 (1989) (bald assertion of innocence will not constitute fair and just reason for allowing withdrawal of guilty plea; appellant engaged in gamesmanship when, after pleading guilty to offense upon learning that Commonwealth had secured presence of out-of-state witness, appellant sought to withdraw plea, on the ground that he was innocent, after witness had returned to her home state). As such, we do not view appellant's present assertion of innocence to constitute a fair and just reason for withdrawal of his guilty plea.

■ Appellant's second argument is that he was unaware, at the time he pled guilty, that one of the consequences of his plea would be that he would be denied visitation with his other children. A review of the hearing testimony reveals no support for this allegation. At the hearing, a representative of Washington County Children and Youth Services testified that appellant's visitation privileges were not denied because of his guilty plea. Thus, there is no factual basis underlying appellant's assertion. Moreover, the denial of visitation is not germane to either a defendant's voluntary and intelligent proffer of a guilty plea, or the trial court's acceptance of that plea. It is an entirely collateral matter, and it does not provide a fair and just reason for the withdrawal of a guilty plea.

■ With respect to appellant's second issue, that he was on medication at the time of his plea and thus was not competent to enter a plea, we likewise find no merit. We begin by noting that the record does not contain the written guilty plea colloquy which appellant completed with the aid of counsel. *See Commonwealth v. Gonzalez,* 415 Pa.Super. 65, 608 A.2d 528 (1992) (on appeal, appellate court may only

consider record certified to it by lower court; it is appellant's responsibility to provide reviewing court with a complete and comprehensive record for purposes of appeal). Thus, this issue is waived.[2] We further note that appellant failed to inform either the lower court or this Court of the type medication he was taking; or to proffer expert testimony to substantiate his allegation that this medication rendered him incapable of entering a knowing and intelligent plea. As such, appellant has failed to demonstrate that he is entitled to relief.

Finally, after reviewing the transcript of the plea proceeding, and also the transcript of the hearing on appellant's petition to withdraw his plea, we are satisfied that appellant was aware of the consequences of his plea, and understood that he was admitting that he was guilty of the offense of IDSI.

Judgment of sentence affirmed.

**2.** We note that the Commonwealth's brief contains a copy of appellant's written guilty plea colloquy. Although we may not consider it in our disposition of this appeal, see Gonzalez, supra, 415 Pa.Super. 65, 608 A.2d 528 we would find that it directly contradicts appellant's assertion that he was not competent to enter a plea of guilty because he was taking medication. The colloquy indicates the following: that appellant acknowledged being on medication; that he, nonetheless, was able to understand the questions and answer them correctly; and that he both fully understood the questions and his decision to plead guilty.