COMMONWEALTH of Pennsylvania, Appellee

v.

**Thomas GOODENOW, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 23, 1999.

Filed Nov. 17, 1999.

---

Theodore E. Hinckley, Public Defender, Towanda, for appellant.

Robert B. McGuinness, District Attorney, Towanda, for Com., appellee.

Before POPOVICH, JOYCE, JJ., and CERCONE, President Judge Emeritus.

POPOVICH, J.:

¶ 1   This is an appeal from the judgment of sentence entered on January 22, 1999, following appellant's denial of a request to withdraw a guilty plea to rape. Appellant was sentenced to not less than five nor more than twenty years of incarceration.   Appellant's counsel contends that this appeal is frivolous and seeks to withdraw as counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).   Upon review, we find that counsel failed to comply with this Commonwealth's *Anders* requirements and that appellant's legal issues are meritorious.   Accordingly, we vacate appellant's judgment of sentence and remand for appointment of new counsel and a new trial.

¶ 2   Appellant entered a guilty plea to the charge of rape on November 5, 1998, pursuant to a plea bargain.   Prior to sentencing, appellant filed a petition to withdraw his guilty plea on January 21, 1999. Appellant clearly asserted his innocence as the basis for his petition to withdraw his guilty plea.   (N.T. 1/22/99, at 3–4).   On January 22, 1999, the trial court rejected appellant's petition and cited to the following for support:

1. the adequacy of appellant's guilty plea colloquy;

2. the fact that the nine year old victim may have been forced to testify if appellant's plea was withdrawn;

3. the disruption of the court's calendar by appellant's actions;

4. the basis for appellant's petition was a "bold assertion of his innocence";

5. the cases of *Commonwealth v. Cole,* [387 Pa.Super. 328] 564 A.2d 203 (Pa.Super.1989), and *Commonwealth v. Kasecky,* [442 Pa.Super. 139] 658 A.2d 822 (Pa.Super.1995).

(N.T. 1/22/99, at 11–13).   The trial court proceeded to sentence appellant on the charge of rape pursuant to the original plea bargain.

¶ 3   Before seeking to withdraw, appellant's counsel filed a timely notice of appeal and a concise statement of matters complained of on appeal.   Counsel's concise statement set forth the denial of appellant's petition to withdraw his guilty plea and counsel's own ineffectiveness as appellant's reasons for appeal.   Before addressing the adequacy of counsel's *Anders*

brief, we note that "[i]t is well established that the ineffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Shannon*, 530 Pa. 279, 285, 608 A.2d 1020, 1023 (1992) (citation omitted). We also note that under most circumstances, counsel should not claim their own ineffectiveness on appeal. *See Commonwealth v. Green*, 551 Pa. 88, 93–94, 709 A.2d 382, 384 (1998)(when appellate counsel asserts a claim of his or her own ineffectiveness on direct appeal, the case should be remanded for appointment of new counsel except where it is clear from the record that counsel was ineffective or that the ineffectiveness claim is meritless). Therefore, better practice would have been for current counsel to withdraw prior to the appeal in order to permit new counsel to raise the allegations of his ineffectiveness.

¶ 4 In *Anders v. California, supra,* the United States Supreme Court addressed the issue of the indigent defendant's right to counsel on appeal. The Court acknowledged the fundamental notion of justice that the indigent appellant is entitled to just as "adequate" a defense as the person who can retain private counsel. In addition, the Court recognized that even the most capable counsel might justifiably believe that an appeal would be entirely frivolous.

¶ 5 As a result, the Court in *Anders* provided appointed counsel with the following choices: (1) file a brief as an advocate (not an *amicus curiae* ) and argue the client's case; or (2) seek to withdraw as counsel. The *Anders* Court stated the following:

[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court—not counsel—then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Anders*, 386 U.S. at 744, 87 S.Ct. at 1400, 18 L.Ed.2d at 498.

¶ 6 The holding of *Anders* was expressly adopted in Pennsylvania in *Commonwealth v. Baker*, 429 Pa. 209, 239 A.2d 201 (1968), and has been re-affirmed on numerous subsequent occasions. In interpreting *Anders*, our Supreme Court noted the following:

The core of *Anders'* reasoning is that where an accused is entitled to a counseled appellate review, that right should not be denied or diminished solely because of indigency. However, *Anders* does not require that counsel be forced to pursue a wholly frivolous appeal just because his client is indigent. The major thrust of *Anders* was to assure a careful assessment of any available claims that an indigent appellant might have. That end is achieved by requiring counsel to conduct an exhaustive examination of the record and by also placing the responsibility on the reviewing court to make an independent determination of the merit of the appeal.

*Commonwealth v. McClendon*, 495 Pa. 467, 473, 434 A.2d 1185, 1188 (1981). In further interpreting *Anders* and the situations presented when appointed counsel seeks to withdraw his services, our Supreme Court opined:

It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* "appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court."

*Commonwealth v. McGeth*, 347 Pa.Super. 333, 500 A.2d 860, 862–863 (1985)(quoting *Commonwealth v. Greer*, 455 Pa. 106, 108–109, 314 A.2d 513, 514 (1974)).

¶ 7 In light of the foregoing standard of review and applicable case law, we conclude that counsel failed to comply with *Anders*. While reviewing an *Anders* brief in *Commonwealth v. Thomas*, 354 Pa.Super. 87, 511 A.2d 200 (1986), we stated the following:

> There are two purposes to be served by counsel's filing a brief that refers to anything in the record that might arguably support the appeal: (1) it gives the reviewing court a basis upon which to decide if the appeal is, in fact, frivolous, and (2) it gives indigent defendants, "as nearly as is practicable" that which is guaranteed them under the Sixth and the Fourteenth amendments, the right to counsel (and, in the process, protects counsel from ineffectiveness allegations).

*Thomas*, 511 A.2d at 202–203. Herein, counsel's brief fails to achieve either of the above-stated purposes set forth in *Thomas, supra*. Other than a sparse rendition of the procedural history that includes no reference to appellant's guilty plea, counsel's brief does not refer to any part of the record. Moreover, counsel's generalized, six-sentence argument contains no contextual relevance to appellant's situation and fails to address the claim of his own ineffectiveness.

¶ 8 Although this finding would ordinarily require this court to remand and order counsel to file either an advocate's brief or a proper *Anders* brief, we find the legal issues surrounding appellant's denial of his petition to withdraw his guilty plea to be meritorious. Not only are requests to withdraw guilty pleas prior to sentencing liberally permitted, but also the Commonwealth failed to show that it would be substantially prejudiced by the granting of appellant's petition. Therefore, counsel's conclusion about the frivolity of appellant's legal issues on appeal is erroneous, and counsel should have filed an advocate's brief.

¶ 9 Pennsylvania Rule of Criminal Procedure 320 states that "[a]t any time before sentence, the court may, in its discretion, permit or direct a plea of guilty to be withdrawn and a plea of not guilty substituted." Two different standards exist for reviewing requests to withdraw a guilty plea prior to sentencing and those that are made after sentencing.[1] In the case of *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), our Supreme Court set forth the standards for determining when, as here, a request to withdraw a guilty plea made prior to sentencing should be granted. The Court began by stating that "although there is no absolute right to withdraw a guilty plea, properly received by the trial court, it is clear that a request made before sentencing ... should be liberally allowed." *Forbes*, 299 A.2d at 271. The Court then provided the following test:

> [I]n determining whether to grant a presentence motion for withdrawal of a guilty plea, "the test to be applied by the trial courts is fairness and justice." If the trial court finds "any fair and just reason", withdrawal of the plea before sentence should be freely permitted, un-

---

1. *See Commonwealth v. Muntz,* 428 Pa.Super. 99, 630 A.2d 51 (1993)(citing *Commonwealth v. Starr,* 450 Pa. 485, 301 A.2d 592 (1973)) (a showing of prejudice on the order of manifest injustice is required when considering a petition to withdraw a guilty plea submitted to a court after sentencing since permitting a liberal standard at this stage might encourage the entrance of a plea as a sentence testing device).

less the prosecution had been "substantially prejudiced."

*Id.*, 299 A.2d at 271.

¶ 10  In applying the "Forbes test", our Supreme Court has been quick to reverse lower courts for deviating from this liberal standard.  In the case of *Commonwealth v. Randolph*, 553 Pa. 224, 718 A.2d 1242 (1998), a defendant, who confessed to police about his participation in numerous burglaries, entered open pleas of guilty to all the charged crimes.  The trial court conducted a sufficient, on-the-record colloquy.  Furthermore, the trial court informed the defendant that any attempt to withdraw a guilty plea should be done before sentencing and that any attempt to withdraw a guilty plea after sentencing would be severely limited.  On the date of the defendant's scheduled sentencing, the defendant informed his counsel that he wished to withdraw his guilty pleas based upon his innocence.  The trial court focused upon the validity of the defendant's guilty plea colloquy and denied the defendant's request to withdraw.

¶ 11  In vacating the Superior Court's affirmance of the trial court in *Randolph*, our Supreme Court stated that "[w]e wish to make it clear that we do not now, nor have we ever, abandoned, altered or modified the standard articulated in *Forbes* regarding a defendant's ability to withdraw a guilty plea prior to sentencing."  *Randolph*, 718 A.2d at 1245.  The Court placed considerable significance upon the fact that the defendant in *Randolph* clearly asserted his innocence as the basis for his request to withdraw his guilty pleas.  *Id.*, 718 A.2d at 1244.  Moreover, the Court found that the "uncontroverted evidence of record fails to reveal that the Commonwealth would have suffered any prejudice, let alone substantial prejudice, had [the defendant's] withdrawal request been permitted."  *Id.* The Court found the defendant's proclamation of innocence to be a fair and just reason for the withdrawal of his guilty plea.  *Id.*; *see Forbes*, 299 A.2d at 272.

¶ 12  In the case *sub judice*, appellant petitioned to withdraw his guilty plea prior to sentencing and asserted his innocence as the basis for his withdrawal.  (N.T. 1/22/99, at 3–4).  After being asked by the trial judge whether it would suffer prejudice by the granting of appellant's petition, the Commonwealth responded with the following:

I see no evidence that we subpoenaed witnesses or otherwise changed our position in reliance upon [appellant's] plea.  I guess we would have lost a trial date, and our cases obviously don't get better with time, particularly a case of this nature where we have a child victim witness, but beyond that I can't say. I'm certainly not gonna agree to state on record that there was no prejudice.  I'm not gonna exaggerate the amount of prejudice that there was either.

(N.T. 1/22/99, at 8–9).  We find that the Commonwealth failed to demonstrate, much less assert, that it would suffer substantial prejudice.

¶ 13  Even though *Randolph*, *supra*, was decided after the lower court's decision herein, our Supreme Court applied the "Forbes test" as it existed at the time the lower court denied appellant's petition.  *See Randolph*, *supra.*  According to *Forbes*, *supra*, a court must allow a presentence request to withdraw a guilty plea if the defendant asserts his innocence and the withdrawal does not result in substantial prejudice to the Commonwealth.  Since appellant's pre-sentence withdrawal was based upon his innocence and the Commonwealth failed to show substantial prejudice, appellant's claim concerning his petition to withdraw is meritorious.

¶ 14  In addition, the lower court's reliance upon *Commonwealth v. Kasecky*, 442 Pa.Super. 139, 658 A.2d 822 (1995), and *Commonwealth v. Cole*, 387 Pa.Super. 328, 564 A.2d 203 (1989), was misplaced.  Although we affirmed the denial of petitions to withdraw guilty pleas in *Kasecky* and *Cole*, both cases contained factual scenar-

ios different from that faced by appellant herein. In *Kasecky*, the defendant asserted his innocence for the first time on appeal rather than in his pre-sentence petition to withdraw his guilty plea. *Kasecky*, 658 A.2d at 823. Moreover, the defendant "had been instrumental in effecting *extreme* delay throughout this case on the basis of his alleged poor physical condition and attendant health problems." *Id.* (emphasis added).

¶ 15 In *Commonwealth v. Cole, supra*, appellant entered a guilty plea only after the Commonwealth brought a key witness from Georgia to Pennsylvania. *Cole*, 564 A.2d at 206. Permitting the defendant in *Cole* to withdraw his guilty plea after the witness had returned to Georgia would have allowed the defendant to use his motion to withdraw for the "improper purpose of gambling on the Commonwealth's ability to produce the witness for a second trial." *Cole*, 564 A.2d at 206. We observed that "[t]his is the type of prejudice to the Commonwealth against which the rule was intended to protect." *Id.*

¶ 16 Appellant's petition to withdraw his guilty plea possesses neither of the characteristics that were deemed by the holdings of *Kasecky* and *Cole* to require the denial of his petition. Appellant supplied a fair and just reason for the pre-sentence withdrawal of his guilty plea. *See Randolph, supra*. Furthermore, the Commonwealth did not claim that appellant's withdrawal would be substantially prejudicial to their case. Therefore, denial of appellant's petition to withdraw his guilty plea pursuant to *Kasecky* and *Cole* was erroneous.

¶ 17 We vacate appellant's judgment of sentence and remand for appointment of new counsel and trial since, 1) counsel failed to file a brief in compliance with *Anders v. California*, 2) appellant's legal issues surrounding the withdrawal of his guilty plea are meritorious, and 3) counsel was ineffective for concluding that appellant's legal issues were frivolous.

¶ 18 Judgment of sentence vacated. Case remanded for proceedings consistent with this opinion. Jurisdiction relinquished.