J-S12002-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHAWN N. WEBB, | |
| Appellant | No. 1831 EDA 2012 |

Appeal from the Judgment of Sentence May 24, 2012
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013009-2011

BEFORE:  BOWES, SHOGAN and FITZGERALD,* JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 18, 2015**

Shawn N. Webb appeals from the judgment of sentence of fifteen days to six months imprisonment after the trial court adjudicated Appellant guilty of driving under the influence of alcohol, general impairment, with refusal of a blood alcohol content ("BAC") test.  Appellate counsel has filed a petition seeking to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal.  We conclude that, contrary to counsel's assessment, the certified record establishes that Appellant did not validly waive his right to counsel at trial and is entitled to relief.  We therefore reverse and remand for a new trial.

_____

* Former Justice specially assigned to the Superior Court.

At approximately 2:45 a.m. on August 3, 2010, Philadelphia Police Officer Stacy Little observed Appellant's vehicle traveling in the wrong direction down a one-way street, Church Lane. When Officer Little effectuated a stop and approached his vehicle, she detected a strong odor of alcohol on Appellant's breath. Appellant's clothing was in disarray, and his eyes were bloodshot. When asked for his license, registration, and insurance card, Appellant appeared to be in a stupor, had difficultly complying with the demand, and did not understand simple requests. Appellant, who also slurred his speech and had an unsteady gait, was arrested for DUI, and, after being given the appropriate warnings, subsequently refused BAC testing. A police witness opined that Appellant was sufficiently intoxicated that he was incapable of safely operating a motor vehicle. Based on this proof, Appellant was found guilty of driving under the influence of alcohol, incapable of safely driving, and refusing a BAC test. This appeal followed imposition of the above-delineated judgment of sentence.

Before we address the questions raised on appeal, we first must resolve appellate counsel's request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal. The procedural mandates are that counsel must

1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

Our review of counsel's petition to withdraw reveals that it is compliant with these directives. Additionally, counsel attached a copy of a letter sent to Appellant wherein counsel advised Appellant of his right to proceed *pro se* or with retained counsel and which operated as a cover letter for the brief filed in the within appeal. Since we have ascertained that counsel complied with the procedural requirements of *Anders*, we now consider whether his brief satisfies the mandates of *Santiago*. In that decision, our Supreme Court outlined that

in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago, supra* at 361.

In the brief at issue herein, counsel attempts to comply with *Santiago*. However, he incorrectly analyzes the first of two issues

- 3 -

presented in that document. Specifically, counsel asserts that he identified two contentions that Appellant potentially could raise on appeal. First, "Did the trial court err in allowing [Appellant] to proceed to trial while representing himself?" Appellant's brief at 10. Second, "Was [Appellant] denied his right to a trial by jury." *Id*. at 12*.

While counsel suggests that Appellant's waiver of counsel was sound, we disagree. In his brief, counsel fails to outline either the content of the colloquy or the areas of inquiry set forth in Pa.R.Crim.P. 121, which governs waiver-of-counsel proceedings. A comparison of the colloquy herein with the requirements of Pa.R.Crim. 121 reveals that the waiver was invalid. The pertinent law follows.

The Pennsylvania Supreme Court has stated, "The waiver of the right to counsel must appear from the record to be a knowing and intelligent decision made with full understanding of the consequences." *Commonwealth v. Szuchon*, 484 A.2d 1365, 1377 (Pa. 1984). In *Von Moltke v. Gillies*, 332 U.S. 708, 724 (1948), the United States Supreme Court provided guidance as to the minimum information to be disseminated to the defendant:

> To be valid . . . waiver [of the right to counsel] must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is

- 4 -

understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered.

In accordance with these principles, Pa.R.Crim. P. 121 outlines the areas that must be covered to ensure a valid waiver of the right to counsel:

(A)(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121 (A)(2).

Additionally, "a waiver colloquy must, of course, always contain a clear demonstration of the defendant's ability to understand the questions posed to him during the colloquy." ***Commonwealth v. McDonough***, 812 A.2d 504, 507 n.1 (Pa. 2002). We also observe that our High Court has indicated that it is incumbent upon the trial court to ensure that it conducts the proper colloquy once a defendant seeks to represent himself. ***Commonwealth v. Davido***, 868 A.2d 431 (Pa. 2005). The ***Davido*** Court outlined:

> In ***Commonwealth v. McDonough***, 571 Pa. 232, 812 A.2d 504 (2002), this court considered whether the prosecutor could "colloquy" a defendant consistent with Rule 121. We acknowledged that a defendant had the right to represent himself at trial. ***McDonough***, 812 A.2d at 506 (*citing **Faretta v. California***, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). We then made clear that when a defendant desired to represent himself, "he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel." ***Id***. Rule 121 provided the appropriate legal procedure and could be complied with by the prosecutor's colloquy so long as the prosecutor inquired into the six areas set forth by the Comments to Rule 121 before the trial judge. ***McDonough***, 812 A.2d at 506-07. In this way, the trial judge could ascertain on the record whether there was a knowing, voluntary, and intelligent waiver of counsel. ***Id***. at 508. We stressed, however, that it was the trial judge who was "ultimately responsible for ensuring that the defendant is questioned about the six areas discussed above and for determining whether the defendant is indeed making an informed and independent decision to waive counsel." ***Id***. Likewise, we held that it was the "trial judge" that had the duty to ensure that a defendant's right to counsel was protected. ***Id***. Thus, **we conclude that, consistent with *McDonough*, the Rules of Criminal Procedure are clear that it is up to the trial court, and not counsel, to ensure that a colloquy is**

**performed if the defendant has invoked his right to self representation**.

*Id*. at 437-38 (footnote omitted; emphasis added). Thus, the failure to object at the trial level to a deficient waiver colloquy is not fatal to appellate review.[1]

The following facts are relevant. Appellant was appointed counsel, Stephen J. Fleury Jr., from the Defender Association of Philadelphia. At the inception of trial, Mr. Fleury reported that Appellant told him that he "does not wish my services." N.T. Trial (Waiver), 5/24/12, at 3. Appellant confirmed that he wanted to represent himself. The Court queried, "Did Mr. Fleury discuss with you the problems and the possible pitfalls you face if you do that?" *Id*. at 4. Appellant answered, "No, he didn't." *Id*.

The trial court first determined that Appellant was capable of understanding the proceedings. It ascertained that Appellant was forty-eight years old, had attended some college, could read and write English, was not under the influence of drugs or alcohol, was never treated for mental illness, and was not receiving psychiatric care. *Id*. at 6-8. Next, the trial court informed Appellant that he had the right to court-appointed counsel:

> THE COURT: Do you understand you have a right to be represented by counsel in this hearing?

---

[1] In light of this precedent, the trial court's observation that Appellant's counsel did not object to the sufficiency of the waiver colloquy is inapt.

.  .  .  .

THE DEFENDANT: Yes.

THE COURT: Okay.  And if you cannot afford a lawyer counsel would be appointed for you.  Do you understand that?

THE DEFENDANT: Somewhat, yes.

THE COURT: What do you mean somewhat?  You either understand or you don't understand.

THE DEFENDANT: I mean, you [are] saying that they would be appointed for me?

THE COURT: That's Mr. Fleury sitting next to you.

THE DEFENDANT:  Yes.  I don't want to have him.  I'm saying I don't want somebody to be appointed for me.

THE COURT:  All right.  But you understand that if you couldn't afford a lawyer the Court would appointment [sic] a lawyer to represent you.  Do you understand that?

THE DEFENDANT: Yes.

*Id*. at 8-9.  Then, the court stated, "Sir, if you decide to proceed without counsel, do you understand that you will be bound by all normal rules and procedures for a trial such as this?  Do you understand that?"  *Id*. at 9.  Appellant represented that he understood that information.  *Id*. at 10.

The court informed Appellant next that there were "certain advantages to being represented by counsel and those advantages are having a professional who has had years of experience with trials such as this and having a professional argue the law and evidence both orally and in written memorandums [sic]."  *Id*. at 11.  Appellant said that he understood that

there was an advantage to having a lawyer represent him and that "by proceeding without counsel," he would relinquish those advantages. ***Id***. The court also asked, "Do you understand that if an issue is not raised during this trial or if it is not raised in a proper manner it may be waived and you may not ever be able to raise it again?" as well as, "And you understand that you are stuck with whatever mistakes you make while you're representing yourself." ***Id***. at 12. Appellant responded that he understood. Finally, the court ascertained that no one was forcing or threatening Appellant to relinquish his right to be represented by Mr. Fleury and that nothing was promised to him in exchange for his waiver of counsel. The colloquy concluded.

Thus, the record reveals that the trial court properly determined that Appellant was able to understand the questions posed to him during the colloquy. The record also demonstrates that, as required by Pa.R.Crim.P. 121(A)(2)(a), Appellant was told that he possessed the right to be represented by court-appointed counsel. Additionally, the trial court, as required by Pa.R.Crim.P. 121(A)(2)(d), clarified to Appellant that he would be bound by all the normal rules of procedure and that counsel would be familiar with these rules.

However, the court only tangentially touched on the subject matter outlined in 121(A)(2)(e) and (f). The court did explain that Appellant could waive issues and would be bound by his own missteps, but the court failed

to specify that there were possible defenses to the charges, of which counsel might be aware, and that those defenses would be permanently lost if not raised at trial. Similarly, it did not set forth that, in addition to defenses, Appellant had many rights that, if not timely asserted, might be permanently lost. Finally, the court did not comply to any extent with Pa.R.Crim.P. 121(A)(2)(b) and (c) in that it did not discover either if Appellant understood the nature and elements of the charges or if Appellant was aware of the permissible range of sentences and/or fines.

We recently addressed whether a waiver of counsel was valid in **Commonwealth v. Phillips**, 93 A.3d 847 (Pa.Super. 2014). Therein, the defendant was appointed counsel and, after becoming dissatisfied with his representation, asked to proceed *pro se*. The defendant was colloquied three times: at the hearing on his motion to proceed *pro se*, before his suppression hearing, and at trial just prior to jury selection. During the first colloquy, the court neither outlined the elements of the crimes nor informed the defendant that there were certain defenses that would be lost if not raised. At the second colloquy, the court merely told the defendant that if he waived counsel, he would still be bound by all the applicable rules of procedure, with which counsel would be familiar. Finally, at the trial colloquy, the court did not ensure that the defendant understood the permissible range of sentences for the charged offenses. In all three

instances, each court neglected to ascertain the defendant's age, educational background, or comprehension abilities.

We held, "Failure to conduct a thorough on-the-record colloquy before allowing a defendant to proceed to trial *pro se* constitutes reversible error." ***Id***. at 853. We noted that, in this context, we are not permitted to apply a totality of the circumstances analysis. We ruled that since the oral colloquies in question were all inadequate in some respect, the defendant did not validly waive counsel, and his convictions had to be reversed.

Likewise, in ***Commonwealth v. Clyburn***, 42 A.3d 296 (Pa.Super. 2012), we reversed and remanded for a new trial where the trial court did not conduct a Pa.R.Crim.P. 121-compliant colloquy before allowing the defendant to proceed *pro se*. Therein, the defendant signed a written form examining most areas that must be covered under the law, but it did not outline the nature and elements of each offense charged against the defendant. The same deficit occurred during the oral colloquy, where the crimes were merely listed and the focus was on the grading and range of sentences. Since neither the written form nor oral colloquy apprised the defendant of the nature and elements of each charge leveled against her, we concluded that the waiver colloquy was defective. ***See also Commonwealth v. Payson***, 723 A.2d 695, 701 (Pa.Super. 1999) ("The law is now clear that the trial judge must conduct the colloquy [required by the

rules of criminal procedure] and in doing so must formally question the defendant on the six listed areas.").

In this case, the colloquy completely omitted two areas of inquiry: an explanation of the nature and elements of the crime and the permissible range of sentences. The trial court also failed to fully cover the waiver problem involved with self-representation. Appellant never was told that, by proceeding *pro se*, he could forfeit defenses and rights about which his lawyer would be versed. Hence, counsel on appeal has incorrectly asserted that Appellant validly waived his right to counsel at trial and cannot be permitted to withdraw.

Since Appellant is unequivocally entitled to relief, it is unnecessary to remand for the filing of a merits brief. To do so would merely delay this matter further. Instead, we vacate the judgment of sentence and remand for a new trial. ***Commonwealth v. Goodenow***, 741 A.2d 783, 788 (Pa.Super. 1999) (counsel seeking to withdraw under ***Anders*** incorrectly asserted that defendant had no grounds to withdraw guilty plea; presentence request to withdraw guilty plea should have been granted under controlling case law; rather than require counsel to file a merits brief, we vacated defendant's judgment of sentence and remanded for appointment of new counsel).

The Petition to Withdraw filed by Owen W. Larrabee, Esquire is denied. Judgment of sentence reversed. Case remanded for a new trial. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/18/2015