J-S16024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ARMSTEAD ELYSISS MCLEAN | : | |
| | : | |
| Appellant | : | No. 1056 WDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
in the Court of Common Pleas of Somerset County
Criminal Division at No(s):  CP-56-CR-0000981-2015

BEFORE:   MOULTON, J., RANSOM, J., and PLATT, J.*

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 22, 2017**

Appellant, Armstead Elysiss McLean, appeals from the judgment of sentence of six to twelve months of incarceration, imposed June 20, 2016, following a guilty plea resulting in his conviction for possession of a controlled substance.  Appellant's counsel, Megan E. Will, Esq., seeks to withdraw her representation of Appellant pursuant to ***Anders v. California***, 87 S. Ct. 1936 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).  Because the ***Anders*** brief is deficient, we deny counsel's petition to withdraw and direct counsel to file either a compliant ***Anders*** brief or an advocate's brief.

We derive the following statement of facts and procedural background of this case from the trial court opinion.  ***See*** Trial Court Opinion, 10/24/2016, at 1-2.  In November 2015, Appellant was incarcerated at State Correctional Institution - Somerset and observed receiving a controlled

_____
* Retired Senior Judge assigned to the Superior Court.

substance known as "K-2" from a visitor to the institution. In April 2016, Appellant pleaded guilty to one count of possession of a controlled substance, an ungraded misdemeanor.[1] In June 2016, the court sentenced Appellant to six to twelve months of incarceration to be served consecutive to Appellant's existing sentence. Appellant was not given credit for time served and was found to be ineligible for RRRI.

Appellant timely filed a post-sentence motion requesting a concurrent sentence, which was denied. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement challenging the discretionary aspects of his sentence. The trial court issued a responsive opinion.

In November 2016, counsel filed an **Anders** brief and application to withdraw as counsel. The brief sets forth the following issue Appellant seeks to raise on appeal:

> Whether the lower court abused its discretion in sentencing the [Appellant], such that the lower court did not consider Appellant's individual circumstances in fashioning the sentence and the sentence is unfair?

**Anders** Brief at 16.

When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel on

---

[1] **See** 35 P.S. § 780-113(a)(16).

direct appeal under *Anders*, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court, namely:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed pro se on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 936 A.2d 40 (2007).

*Commonwealth v. Orellana*, 86 A.3d 877, 879-880 (Pa. Super. 2014).

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (e.g., directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa. Super. 2007) (citations omitted).

In the instant matter, Attorney Will has supplied Appellant with a copy of her *Anders* brief and a letter explaining the rights enumerated in *Nischan*.[2] However, Attorney Will's *Anders* brief does not comply with the above-stated requirements.

First, the summary of the relevant factual and procedural history provided does not cite to the record. *See Commonwealth v. Goodenow*, 741 A.2d 783, 786 (Pa. Super. 1999) (recognizing counsel's sparse recital of the procedural history in his *Anders* brief, devoid of references to the record and contextual relevance to appellant, did not meet the technical requirements of *Anders* or evidence counsel's required review). Instead, counsel directs our attention to the guilty plea and sentencing transcripts in their entirety as attached to the brief. Second, counsel fails to refer to any portions of the record that could arguably support Appellant's claim.[3]

Third, counsel failed to reach a finding of frivolousness in the brief. *See Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007) (rejecting an *Anders* brief in part because counsel failed to conclude that the appeal was frivolous, although counsel reached that conclusion in his

---

[2] Appellant has not filed a response to counsel's *Anders* brief.

[3] Counsel also failed to attach the second page of Appellant's 1925(b) statement

petition).    Notably, in the context of **Anders** the Supreme Court of Pennsylvania has observed:

> It should be emphasized that lack of merit in an appeal is not the legal equivalent of frivolity.    **Anders** "appears to rest narrowly on the distinction between complete frivolity and absence of merit."  The latter is not enough to support either a request by counsel to withdraw, nor the granting of such a request by the court.

**Commonwealth v. McGeth**, 500 A.2d 860, 862-863 (Pa. Super. 1985) (quoting **Commonwealth v. Greer**, 314 A.2d 513, 514 (Pa. 1974)).

In light of our foregoing analysis, we conclude that counsel's brief fails to meet the mandates of **Anders**.  Accordingly, we deny Attorney Will's petition to withdraw without prejudice to re-file such a petition.

We remand this case and direct counsel to file, within thirty days of the date of this memorandum, either an advocate's brief or a proper **Anders** brief and petition to withdraw.  Thereafter, the Commonwealth shall have thirty days to respond.

Petition to withdraw as counsel denied.  Case remanded with instructions.  Jurisdiction retained.