J-S42020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER EVANS | : | |
| | : | |
| Appellant | : | No. 161 MDA 2018 |

Appeal from the Judgment of Sentence September 7, 2016
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s): CP-35-CR-0000494-2016

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED AUGUST 28, 2018**

Christopher Evans appeals from the judgment of sentence of 21 to 42 months of imprisonment, imposed on September 7, 2016, following a guilty plea to one count of Delivery of a Controlled Substance.[1]   In addition, appointed counsel, Kurt T. Lynott, Esq., seeks to withdraw his representation of Evans pursuant to **Anders v. California**, 386 U.S. 738 (1967).   Because the **Anders** brief is deficient, we deny counsel's petition to withdraw and direct counsel to file either a compliant **Anders** brief or an advocate's brief.

We derive the following statement of facts and procedural background of this case from the trial court opinion.   **See** Trial Ct. Op., 03/21/2018.   In February 2016, the Olyphant Police Department received information from a

_____

*   Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

confidential informant (C.I.) that Evans was selling Subutex, a narcotic used for opioid treatment. Following an investigation that included a controlled transaction in which Evans sold the narcotic to the C.I., police arrested Evans.

In May 2016, Evans pleaded guilty to the delivery charge. Prior to entering his plea, Evans executed a written plea colloquy, indicating that he was aware of the charge, the maximum penalty he was facing, and his satisfaction with counsel. In addition, the court conducted an oral colloquy to determine whether Evans was aware of the rights he was relinquishing, whether he was satisfied with counsel, and whether he admitted to facts supporting the crime. Thereafter, the court accepted his plea.

In September 2016, following a presentence investigation, the court imposed sentence as indicated, which fell within the mitigated range of the sentencing guidelines. Evans did not file a post sentence motion or a direct appeal.

In August 2017, Evans timely and *pro se* filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. In his petition, Evans claimed ineffective assistance of plea counsel on three, unique grounds:

(1) Counsel unlawfully induced his plea, promising Evans that he would receive a county sentence;

(2) Counsel failed to request a competency hearing or investigate Evans' mental health; and

(3) Counsel failed to file a post sentence motion or direct appeal to challenge:

  (a) the validity of his plea, and

  (b) legal and discretionary aspects of his sentence.

*See* Evans' PCRA Petition, 08/10/2017, at 3-4.  The court appointed Attorney Lynott as PCRA counsel.  In November 2017, Attorney Lynott filed a petition to withdraw and a no-merit letter.[2]  However, following an independent review, the court determined that Evans' petition warranted relief "wherein the petitioner was denied an opportunity to file a direct appeal."  PCRA Ct. Order, 01/09/2018.  Accordingly, the court denied counsel's petition to withdraw and reinstated Evans' right to appeal *nunc pro tunc*.  **Id.**

Evans timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement.  The court issued a responsive opinion.

In this Court, Attorney Lynott has filed an **Anders** brief, asserting two issues that Evans might seek to raise: (1) whether plea counsel was ineffective for inducing Evans to plead guilty; and (2) whether plea counsel was ineffective for failing to request a competency hearing.  **See** Lynott's **Anders** Br. at 4.

"When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw."  **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*).  Prior to withdrawing as counsel on direct appeal under **Anders**, counsel must file a brief that meets the requirements

---

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

established by the Pennsylvania Supreme Court in **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), namely:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

> Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa.Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-880 (Pa.Super. 2014).

> If counsel does not fulfill the aforesaid technical requirements of **Anders**, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with **Anders** or file an advocate's brief on appellant's behalf). By contrast, if counsel's petition and brief satisfy **Anders**, we will then undertake our own review of the appeal to determine if it is wholly frivolous. If the appeal is frivolous, we will grant the withdrawal petition and affirm the judgment of sentence. However, if there are non-frivolous issues, we will deny the petition and remand for the filing of an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 720–21 (Pa.Super. 2007) (citations omitted).

In the instant matter, Attorney Lynott has supplied Evans with a copy of his *Anders* brief and a letter explaining the rights enumerated in *Nischan*.[3] However, Attorney Lynott's *Anders* brief does not comply with the above-stated requirements.

First, though there are references to certain facts relevant to Evans' claims, the brief contains no general summary of facts. *See* Lynott's *Anders* Br. at 1. Further, there is not a single citation to the record. *See generally id.* Thus, it is not clear that counsel has adequately reviewed this matter. *See, e.g.*, *Commonwealth v. Goodenow*, 741 A.2d 783, 786 (Pa.Super. 1999) (recognizing counsel's sparse recital of the procedural history in his *Anders* brief, devoid of references to the record and contextual relevance to appellant, did not meet the technical requirements of *Anders* or evidence counsel's required review).

Second, the analysis proceeds in neutral fashion, and counsel does not articulate why Evans' claims are frivolous. *See* Lynott's *Anders* Br. at 6-8. Counsel's presentation may be a function of the authority cited in his statement of the standard and scope of review. There, counsel suggests that an *Anders* brief "should not resemble a 'no-merit' letter or amicus curiae

---

[3] Though properly addressed to Evans, we note that counsel's letter begins with the following salutation, "Dear Mr. Alvarado." Lynott's Petition to Withdraw, 05/10/2018, Letter Attachment. Evans has not filed a response to counsel's *Anders* brief.

brief." *Id.* at 1 (citing in support *Commonwealth v. Miller*, 715 A.2d 1203 (Pa.Super. 1998)). This Court's decision in *Miller* preceded by more than a decade our Supreme Court's analysis in *Santiago*, which set forth "a significant adjustment in [its] decisional law concerning *Anders*." *Santiago*, 978 A.2d at 361 (modifying the briefing requirements set forth in *Commonwealth v. McClendon*, 434 A.2d 1185 (Pa. 1981)).

In light of our foregoing analysis, we conclude that counsel's brief fails to meet the mandates of *Anders*, as further clarified in *Santiago*. Accordingly, we deny Attorney Lynott's petition to withdraw without prejudice to re-file such a petition.

We remand this case and direct counsel to file, within thirty days of the date of this memorandum, either an advocate's brief or a proper *Anders* brief and petition to withdraw.[4] Thereafter, the Commonwealth shall have thirty days to respond.

Petition to withdraw as counsel denied. Case remanded with instructions. Jurisdiction retained.

---

[4] Further, we note the following. In his PCRA petition, Evans asserted ineffective assistance of counsel for (1) improperly inducing his plea, (2) failing to request a competency hearing, and (3) failing to file a direct appeal challenging the validity of his plea and the legality and discretionary aspects of his sentence. The PCRA court granted relief on the *final* claim. *See* PCRA Ct. Order; *see also Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013) (addressing the limited bases for pursuing claims of ineffective assistance of counsel on direct appeal).