J-A18012-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DERRELL D. MATTHEWS | : | |
| | : | |
| Appellant | : | No. 1469 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Forest County Criminal Division at
No(s):  CP-27-CR-0000039-2021

BEFORE:  OLSON, J., MURRAY, J., and BENDER, P.J.E.

MEMORANDUM BY OLSON, J.:　　　　　　　**FILED: SEPTEMBER 20, 2024**

Appellant, Derrell D. Matthews, appeals from the judgment of sentence entered on November 15, 2023, following his jury trial convictions for aggravated assault, simple assault, and disorderly conduct.[1]  In this direct appeal, Appellant's counsel has filed both a petition for leave to withdraw as counsel and an accompanying brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago,** 978 A.2d 349 (Pa. 2009). Upon careful consideration, we deny counsel's petition to withdraw and direct counsel to file either an **Anders** brief or an advocate's brief.

We briefly summarize the facts and procedural history of this case as follows.  The Commonwealth alleged that on November 15, 2020, Appellant,

---

[1] 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1), and 5503(a)(1), respectively.  The jury also found Appellant not guilty of a second count of aggravated assault and prohibited offensive weapons.  18 Pa.C.S.A. §§ 2702(a)(2) and 908(a).

who was an inmate at State Correctional Institute (SCI)- Forest "grab[bed] the victim, Correctional Officer [Matthew] Ellenberger, a State correctional officer, by the arm and did repeatedly strike him with a closed fist, causing a dislocated shoulder and small lacerations while [Officer] Ellenberger was in the performance of his duty." N.T., 8/16/2023, at 9. On August 16, 2023, a jury found Appellant guilty of the aforementioned charges. On November 15, 2023, the trial court sentenced Appellant to a "total sentence [of] 43 to 86 months [of imprisonment] consecutive to the sentence [Appellant was] currently serving." N.T., 11/15/2023, at 16. This timely appeal resulted.[2]

In this appeal, Appellant's counsel filed a petition to withdraw and an *Anders* brief wherein counsel presented one issue that arguably supports the appeal:

> Was the trial court obligated to change venue due to [race, because] Appellant[,] a Black man from Buffalo, New York [] was tried in overly white Forest County, Pennsylvania because of an act he allegedly committed while in a State Correctional Institution?

*Anders* Brief, at 3.

We are guided by the following principles:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel

---

[2] Appellant filed a timely notice of appeal on December 15, 2023. The trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). After the trial court granted an extension, counsel for Appellant filed a statement of intent to file an *Anders*/*Santiago* brief pursuant to Pa.R.A.P. 1925(c)(4). On March 1, 2024, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a).

must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof....

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf). By contrast, if counsel's petition and brief satisfy *Anders*, we will then undertake our own review of the appeal to determine if it is wholly frivolous.

\*\*\*

In the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Tukhi***, 149 A.3d 881, 885–886 (Pa. Super. 2016)

(internal citations and original brackets omitted).

Further, this Court has previously recognized:

By following the *Anders* procedure correctly, [] counsel not only affords the appellant [his] constitutional rights but also demonstrates to this Court that those rights have, in fact, been afforded. For example, when counsel sets forth, in the *Anders* brief, the cases, statutes and rules relevant to the appellate issues, counsel is showing this Court that counsel has identified the law pertinent to the subject appeal. By contrast, if counsel does not evidence a recognition of the appropriate law, we certainly cannot find that the appellant has had the benefit of an attorney who effectively evaluated the appeal. As such, we would not be sure the appellant was afforded the constitutional right to

appellate counsel. An **Anders** brief containing an appropriate statement of the law, however, helps to convince us that counsel has acted appropriately on the appellant's behalf.

Similarly, when this Court reads an **Anders** brief in which counsel sets forth the record facts that are germane to the legal issues, and in which counsel cites to the places in the record where those facts appear, we gain some assurance that counsel has read the record and has evaluated the case to determine which facts are significant. The brief, then, serves as a demonstration of counsel's knowledge and appellate efforts. If counsel does not recount and cite the relevant facts, we do not know if counsel has conscientiously examined the case.

Thus, while counsel's finding of frivolousness is subject to our review, the **Anders** brief, as well as the **Anders** petition, gives this Court and the appellant an assurance that an officer of the court—a trained attorney—has applied a lawyer's learning and expertise when examining the case on the appellant's behalf. Ultimately, then, **Anders** does not involve a pointless formalism but, instead, a fruitful protocol, adherence to which not only facilitates an appellant's exercise of constitutional rights but also allows counsel to prove to this Court the appellant has been afforded those rights.

**Commonwealth v. Woods**, 939 A.2d 896, 899 (Pa. Super. 2007) (internal citations and quotations omitted).

Here, upon our review, most of the **Anders** briefing requirements set forth above have not been met. In his deficient **Anders** brief, counsel provides scant procedural history, relatively few facts, and no citation to the record. **See Commonwealth. v. Goodenow**, 741 A.2d 783, 786 (Pa. Super. 1999) (concluding an **Anders** brief is deficient when it presents "a sparse rendition of the procedural history that includes no reference to appellant's guilty plea, [] no[] refer[ence] to any part of the record[, and a] generalized, six-sentence argument [which] contains no contextual relevance to

appellant's situation[.]").  In addition, counsel does not refer to anything in the record that he believes arguably supports the appeal, nor does counsel articulate the relevant facts of record, controlling law, and/or statutes that led him to conclude that the appeal is frivolous.  Finally, in concluding that the appeal would be frivolous, counsel claims that "[trial] counsel did not file a motion for change of venue before trial, as he conducted a *voir dire* of the jury for racial prejudice and did not find a basis for assuming the jury was prejudiced against [] Appellant."  **Anders** Brief at 6.  However, upon cursory review of the certified record, there are no transcripts of *voir dire* in this matter and there is no indication that transcripts were prepared or ordered for transcription.[3]  For all of the foregoing reasons, we cannot conclude that counsel conducted a conscientious examination of the record before determining the appeal to be wholly frivolous.

Accordingly, we deny counsel's petition to withdraw without prejudice and direct counsel to file either an advocate's brief or a proper **Anders** brief and petition to withdraw within 30 days of the date of this memorandum. Thereafter, the Commonwealth may respond to any brief filed on behalf of Appellant, within 30 days of its filing.  If counsel files an **Anders** petition and brief, counsel shall serve copies upon Appellant together with correspondence

_____

[3] In the event no transcript is available for the proceedings on *voir dire*, counsel could prepare a statement of the proceedings from the best available sources, including counsel's recollection.  **See** Pa.R.A.P. 1923.  In the alternative, the parties may prepare and sign a statement of the case showing how the issues presented by the appeal arose and were decided or resolved before the trial court.  **See** Pa.R.A.P. 1924.

advising Appellant that he has the right to proceed *pro se*, or through newly-retained counsel, and the right to raise any additional points worthy of this Court's attention.

Petition to withdraw denied. Panel jurisdiction retained.