812 A.2d 504

COMMONWEALTH of Pennsylvania, Appellee,

v.

Frank McDONOUGH, Appellant.

Supreme Court of Pennsylvania.

Argued Sept. 10, 2002.

Decided Dec. 18, 2002.

234

Candace Cain, Pittsburgh, for Frank McDonough.

Michael Wayne Streily, Kevin Francis McCarthy, Pittsburgh, for Commonwealth of Pennsylvania.

Before ZAPPALA, C.J., and CAPPY, CASTILLE, NIGRO, NEWMAN, SAYLOR and EAKIN, JJ.

## OPINION

Justice NIGRO.

Appellant Frank McDonough appeals from the order of the Superior Court affirming his judgment of sentence for first-degree murder. For the reasons that follow, we affirm.

On April 3, 1992, Robert Terry Gales was shot to death while sitting inside a car outside Appellant's home. Several witnesses placed Appellant at the scene of the shooting, and Appellant's former girlfriend informed police that Appellant had admitted to her that he shot Mr. Gales because Mr. Gales had broken into his truck. On May 27, 1997, Appellant was charged with Mr. Gale's murder.

At his pre-trial conference, Appellant requested the trial court's permission to waive his right to counsel. Appellant,

who was charged with unrelated homicides in New Jersey, complained to the court that he was dissatisfied with the representation he had received in New Jersey and stated that he wanted to exercise complete control over his defense on the instant charges. After the trial judge questioned Appellant further about his motives for waiving his right to counsel and explained the ramifications of proceeding without counsel, the prosecutor conducted a formal waiver colloquy in accordance with Rule 121 of the Pennsylvania Rules of Criminal Procedure. The judge accepted Appellant's waiver of his right to counsel and appointed standby counsel.

A jury convicted Appellant of first-degree murder. After a penalty hearing, Appellant was sentenced to life imprisonment without parole. Appellant appealed to the Superior Court, and the Superior Court affirmed Appellant's judgment of sentence. We subsequently granted allocatur to consider whether a defendant may validly waive his right to counsel if someone other than the trial judge conducts the waiver colloquy. For the following reasons, we hold that he may.

The right to counsel in a criminal proceeding is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and Article One, Section Nine of the Pennsylvania Constitution. *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); *Commonwealth v. Szuchon*, 506 Pa. 228, 484 A.2d 1365 (1984). A defendant may, however, waive this fundamental right and proceed with his defense *pro se*. *Faretta*, 422 U.S. at 835, 95 S.Ct. 2525; *Szuchon*, 484 A.2d at 1377. If a defendant desires to do so, he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel.

Rule 121 of the Pennsylvania Rules of Criminal Procedure governs waiver of counsel proceedings and states in relevant part, "When a defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether there is a knowing, voluntary, and intelligent waiver of counsel." Pa. R.Crim.P. 121(c). To ensure that a waiver of counsel is

knowing, voluntary, and intelligent, the following information must be elicited from the defendant: (1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules, (5) whether the defendant understands that there are possible defenses to these charges to which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be, lost permanently and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently. *See Commonwealth v. Starr*, 541 Pa. 564, 664 A.2d 1326, 1335 (1995); Pa.R.Crim.P. 121 cmt.[1]

■ Here, it is clear that Appellant was adequately questioned about each of these six areas. During his colloquy, and in front of the trial judge, the prosecutor explained to Appellant that he had a right to be represented by counsel, and fully explained the nature, elements, and possible penalties for all five degrees of homicide. The prosecutor then continued with the following exchange:

> Prosecutor: Do you understand, sir, that if you waive your right to counsel you'll be bound by all of the normal rules of procedure and of evidence, and that your counsel,

---

1. In addition to these six factors, a waiver colloquy must, of course, always contain a clear demonstration of the defendant's ability to understand the questions posed to him during the colloquy. Although Appellant does not challenge his colloquy in this regard, the record clearly demonstrates that Appellant understood the questions posed during the colloquy. *See infra* p. 507 (prosecutor inquiring during colloquy about Appellant's age, educational background, and basic comprehension skills).

whether Mr. Foreman or some other attorney, may be more familiar with those rules and those procedures than you would be? Do you understand that?

Appellant: I understand.

Prosecutor: Do you understand, sir, that there may be defenses that you would have to these charges which Mr. Foreman or another attorney might be aware of that perhaps you would not be aware of, and that if these defenses are not raised at trial that you may lose the right to present those defenses forever and ever?

Appellant: I understand.

Prosecutor: Do you understand, sir, that in addition to these defenses that I just mentioned you may have other rights that if you do not bring them up in a timely manner, that is there are certain rules that say when you have to bring up certain claims, that if you don't bring them up in a timely manner that they may be permanently lost; do you understand that?

Appellant: I understand.

Prosecutor: Do you understand, finally, that there may be, if you were to represent yourself, errors during the trial, errors of law perhaps, or other errors which if they are not objected to at the time that they happen or in a timely manner that you may, because of your failure to act at that time, you may be said to have waived or given up the right to complain of those errors forever and ever?

Appellant: I understand.

Prosecutor: Sir, have you had any drugs or alcohol in the last couple of days that might affect your thinking here?

Appellant: No.

Prosecutor: Have you ever suffered any mental or physical infirmities that might affect your thinking here today?

Appellant: No.

Prosecutor: How old are you?

Appellant: Thirty-seven.

Prosecutor: What's the extent of your education?

Appellant: High school.

Prosecutor: Do you read, write and understand the English language?

Appellant: Yes.

Prosecutor: Do you understand everything that I have said?

Appellant: Yes, I do.

Prosecutor: And you say that you have reviewed this rule yourself and are familiar with its terms even before you came here today?

Appellant: Yes.

Prosecutor: I have no other questions to be included in the colloquy.

N.T., 5/13/98, at 20–28.

Despite the fact that this colloquy clearly demonstrates that Appellant's waiver of counsel was knowing, voluntary, and intelligent, Appellant nonetheless contends that his waiver was invalid because it was the prosecutor rather than the judge who conducted the waiver colloquy. We disagree.

■ In support of his contention, Appellant first argues that Rule 121(c) of the Rules of Criminal Procedure plainly states that the judge must conduct the colloquy with the defendant. While Appellant is correct that the text of Rule 121(c) includes the statement that "the judge must ascertain on the record whether there is a knowing, voluntary, and intelligent waiver of counsel," we do not interpret that phrase as requiring the judge himself to conduct the colloquy. Rather, Rule 121(c) merely requires the judge to *ascertain* whether there has been a valid waiver, which he can certainly do by considering the defendant's answers to questions that someone else poses to the defendant in the judge's presence. In essence, Rule 121(c) makes the trial judge the one ultimately responsible for ensuring that the defendant is questioned about the six areas discussed above and for determining whether the defendant is indeed making an informed and independent decision to waive counsel. The Rule simply does not, contrary to Appellant's assertions, require the judge to be the one to literally pose the questions to the defendant. In

fact, the Comment to Rule 121 specifically states that the prosecutor or defense counsel may examine the defendant at the judge's direction.[2]

Appellant contends, however, that the trial judge has a judicial duty to protect the interests of a defendant proceeding without counsel and that such a duty mandates that the trial judge himself conduct the waiver of counsel colloquy rather than delegate the duty to the prosecutor or defense counsel. While we clearly agree with Appellant that the trial judge has a duty to protect a defendant's constitutional right to counsel, we do not agree that a judge somehow shirks this duty by allowing someone other than the court to pose the actual questions required by *Starr*. Rather, we believe that the defendant's interests are sufficiently protected as long as the judge is present and attentive during the colloquy and conscientiously evaluates the defendant's responses to the questions posed to him before granting the defendant's petition to waive his right to counsel. In these circumstances, we simply do not see how a defendant is prejudiced if the prosecutor or defense counsel, as opposed to the trial judge, conducts the waiver of counsel colloquy.[3,4]

2.  The Comment to Rule 121 states in relevant part, "Although it is advisable that the judge or the issuing authority should conduct the examination of the defendant, the rule does not prevent the attorney for the Commonwealth or an already-appointed or retained defense counsel from conducting all or part of the examination of the defendant as permitted by the judge or issuing authority." Pa.R.Crim.P. 121 cmt. Although Appellant acknowledges that the Comment to Rule 121 specifically allows someone other than the trial judge to conduct the waiver of counsel colloquy, he argues that the Comments are not part of the Rules and have not been officially adopted or promulgated by this Court. While this is true, a court may, of course, still rely on the Comments to construe and apply the Rules. *See, e.g., Commonwealth v. Lamonna*, 473 Pa. 248, 373 A.2d 1355, 1358 & n. 11 (1977).

3.  We do agree with the Comment to Rule 121, however, that it is advisable in most instances for the trial judge to conduct the colloquy. We merely hold that a defendant's waiver of counsel will not be found to be invalid simply because the prosecutor or defense counsel conducted the waiver colloquy.

4.  Appellant also contends that case law supports his contention that the trial judge must be the one to conduct the waiver of counsel colloquy

Here, the record establishes that Appellant's interests were sufficiently protected and that his waiver of counsel was clearly valid. In the first instance, the trial judge engaged in a lengthy discussion with Appellant regarding Appellant's decision to proceed without counsel. During this conversation, the trial judge questioned Appellant in detail about his reasons for electing to proceed without counsel, explained to Appellant that Appellant would still be permitted to make decisions regarding his defense if he proceeded to trial with counsel, informed Appellant of the disadvantages of proceeding without counsel, appointed Appellant standby counsel, answered questions posed by Appellant, discussed with Appellant the method in which Appellant would testify at trial if he indeed proceeded without counsel, and agreed to arrange for Appellant to receive additional access to the law library inside the prison. Immediately following this conversation, and while the trial judge was present, the prosecutor then conducted a more formal colloquy which, as noted above, explicitly covered the six areas required by *Starr*. It was only after the court's detailed discussion and the prosecutor's comprehensive colloquy with the defendant that the trial judge granted Appellant's petition to waive his right to counsel. Given these circumstances, we agree with the lower courts that Appellant's waiver of counsel was valid, despite the fact that it was the prosecutor who conducted Appellant's colloquy. The order of the Superior Court is affirmed.

and cites to *Commonwealth v. Brazil*, 549 Pa. 321, 701 A.2d 216 (1997), *Commonwealth v. Owens*, 750 A.2d 872 (Pa.Super.2000), and *Commonwealth v. Payson*, 723 A.2d 695 (Pa.Super.1999). Although these cases do have some language indicating that the trial judge should conduct the colloquy, such language is no more than mere dicta. In all three cases, the defendants' waivers of counsel were found to be invalid because either some or all of the six points listed in the Comment to Rule 121 were not addressed in the colloquies. The waivers were not, contrary to Appellant's assertions, found to be invalid because someone other than the trial judge conducted the colloquies. Thus, Appellant's reliance on these cases is misplaced.