**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1475
_____

ERIC C. MCCOLLISTER,

Appellant

v.

SUPERINTENDENT CAMERON; THE DISTRICT ATTORNEY OF MONTGOMERY
COUNTY; and THE ATTORNEY GENERAL OF PENNSYLVANIA

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-11-cv-00525)
District Judge: Honorable Lawrence F. Stengel
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 30, 2013

Before:   JORDAN, VANASKIE AND COWEN, *Circuit Judges*

(Filed: August 15, 2013)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Eric C. McCollister appeals the denial of his petition for a writ of habeas corpus

submitted pursuant to 28 U.S.C. § 2254.  We granted a certificate of appealability on the

issue of whether McCollister's waiver of counsel was made knowingly and intelligently in light of the fact that, during the waiver colloquy, he was advised that his sentencing range was 40 to 80 years' imprisonment, with no mandatory minimum prison term, when in fact he faced a mandatory minimum prison term of 25 years and a maximum term of life imprisonment under Pennsylvania's "three strikes" law, 42 Pa. Cons. Stat. Ann. § 9714. Because the state court's rejection of McCollister's challenge to the adequacy of the waiver of counsel colloquy was neither contrary to nor an unreasonable application of clearly established federal law, we will affirm the District Court's denial of McCollister's habeas petition.

I.

We write primarily for the parties, who are familiar with the facts and procedural history of this case. Accordingly, we set forth only those facts necessary to our analysis.

McCollister was charged with burglary, criminal trespass, robbery, aggravated assault, and recklessly endangering another person arising out of a home invasion and assault in July of 2006. Dissatisfied with representation provided by four separate attorneys, McCollister requested that he be allowed to represent himself at trial, with appointed counsel acting in a standby capacity. Following a lengthy and comprehensive colloquy, during which McCollister was informed that his sentencing exposure was 40 to 80 years in prison with no mandatory minimum prison term, the trial court accepted the waiver of counsel as "knowing, intelligent and voluntary." (App. 64.)

On May 2, 2008, McCollister was convicted by a jury on all counts. It was not until four months *after* the jury returned its verdict, however, that the Commonwealth

2

filed a Notice of Intent to Seek Twenty-Five Year Mandatory Sentence due to Conviction of Third Violent Crime Offense.  McCollister's two prior qualifying offenses included burglary of a residence in 1987, and burglary of a residence in 1989.[1]  McCollister was sentenced to an aggregate term of 40 years to life imprisonment, including a 25-year mandatory minimum sentence pursuant to 42 Pa. Cons. Stat. Ann. § 9714 (a)(2). McCollister filed a timely direct appeal to the Pennsylvania Superior Court.

On direct appeal, McCollister, among other things, asserted that the waiver of counsel colloquy was inadequate because it did not accurately apprise him of the sentencing range he faced, including the fact that there would be a mandatory minimum prison term of 25 years.  The Superior Court rejected this assertion, explaining:

> [McCollister] contends the court's waiver of counsel colloquy did not advise him of the permissible sentencing range. . . .  [McCollister] asserts he was "confused" and "frustrated" during the colloquy, and the court failed to advise him of the potential for a "two strikes" mandatory minimum sentence pursuant to 42 Pa. C.S. § 9714(a)(2). [McCollister] insists he would not have waived his right to counsel at trial if he had known his minimum sentence could be mandatory. [McCollister] avers his waiver of counsel was involuntary and unknowing.
>
> ***
>
> Rule 121 of the Pennsylvania Rules of Criminal Procedure sets forth the requirements for an effective waiver of the right to counsel and states in pertinent part:
>> Rule 121. Waiver of Counsel (A) Generally.
>> (1) The defendant may waive the right to be represented by counsel.

---

[1] The Commonwealth contends that it was not until after the conclusion of McCollister's trial that it learned that the structures burglarized by McCollister more than twenty years earlier were occupied, triggering the 25-year mandatory minimum prison term and maximum prison term of life under Pennsylvania's three strikes law.  *See* 18 Pa.C.S. § 9714(a)(2).

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

*(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;*

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

***

(C) Proceedings Before a Judge. When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel.

(D) Standby Counsel. When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice. Pa. R.Crim.P. 121(A), (C), (D).

"A waiver colloquy must ... always contain a clear demonstration of the defendant's ability to understand the questions posed to him during the colloquy." *Commonwealth v. McDonough*, 571 Pa. 232, 236 n.1, 812 A.2d 504, 507 n.1 (2002). For example, the court should inquire about the defendant's age, educational background, and basic comprehension skills. *Id*.

4

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the [Trial Judge], we conclude [McCollister's] issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion at 4-24 (finding ... [McCollister's] waiver of counsel was knowing, intelligent and voluntary where (a) court conducted meticulous colloquy record, informing [McCollister] of nature of charges and permissible range of sentences for offenses charged, (b) court advised [McCollister] of his right to object to evidence, but court had no duty to teach [McCollister] laws of evidence, (c) [McCollister] had opportunity to state on the record that he was confused, but instead chose to participate in colloquy, (d) [McCollister] stated under oath and on the record that no one had forced or threatened him to waive counsel, and that no one had promised him anything in exchange for his waiver, (e) ultimately [McCollister] stated three times under oath that he desired to waive his right to counsel.))

(*Commonwealth v. McCollister*, No. 1401 EDA 2009, pp. 14, 20-22 (Pa. Super. Ct. Aug. 30, 2010) (Memorandum)).

On January 25, 2011, McCollister filed a *pro se* Petition for Writ of Habeas Corpus. Among the issues presented in the habeas petition was that he was denied his right to counsel because the plea colloquy did not accurately set forth the sentencing range to which he was exposed, including the 25 year mandatory minimum prison term under Pennsylvania's three strikes rule. The Magistrate Judge to whom the § 2254 petition was referred recommended denial of relief on this claim, observing that the state court's finding that the waiver colloquy was adequate "is neither contrary to, nor an unreasonable application of, United States Supreme Court precedent." (October 18, 2011 Report and Recommendation at 31.) The District Court overruled McCollister's objections to the Report and Recommendation and denied the habeas petition. This appeal followed.

5

On August 27, 2012, we granted McCollister's request for a certificate of appealability solely on the issue of whether his waiver of right to trial counsel was made knowingly and intelligently. We also appointed counsel to represent McCollister on appeal.[2]

## II.

The District Court had jurisdiction under 28 U.S.C. § 2241(a) and § 2254(a). We have appellate jurisdiction under 28 U.S.C. § 1291 and § 2253(c)(1).

Where, as here, a state court has decided the merits of a petitioner's habeas claim, relief in federal court may be granted only if the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to or involved in an unreasonable application of, clearly established Federal Law, as determined by the Supreme Court of the United States;
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1), (2). In this case, the facts are not in dispute, and McCollister does not contend that the state court's determination of his Sixth Amendment right to counsel claim was contrary to a precedent of the Supreme Court of the United States. Instead, he limits his argument to the assertion that the state court rejection of his Sixth Amendment claim represented an unreasonable application of clearly established federal law.

The starting point of analysis in a case such as this "is to identify the 'clearly established Federal law, as determined by the Supreme Court of the United States' that

---

[2] We acknowledge with appreciation the fine efforts of court-appointed counsel in presenting arguments on behalf of McCollister.

governs the habeas petitioner's claims." *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013). The Supreme Court has clearly established that there is a right to waive counsel and proceed *pro se*, provided that the waiver is knowing and voluntary. *See Faretta v. California,* 422 U.S. 806, 814 (1975). *See also Iowa v. Tovar,* 541 U.S. 77, 87-88 (2004). The Supreme Court, however, "ha[s] not . . . prescribed any formula or script to be read to a defendant who states that he elects to proceed without counsel." *Tovar*, 541 U.S. at 88. Specifically, there is no Supreme Court precedent holding that the failure to apprise a defendant of a potential statutory mandatory minimum prison term renders a waiver of counsel unknowing or involuntary. Nor is there any High Court ruling that erroneous advice pertaining to the sentencing range faced by the defendant renders that defendant's waiver of counsel invalid.

What the Supreme Court has required is that the defendant "be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Faretta*, 422 U.S. at 835. The comprehensive colloquy undertaken by the Trial Judge in this case leaves no doubt that McCollister made his decision to waive representation by counsel with his eyes wide open. McCollister knew that he faced an aggregate prison range of 40 to 80 years in prison, which, effectively, is the prison term he received. While not informed that the maximum prison term could be life, this omission was inconsequential in view of McCollister's age at the time of the plea colloquy (39 years-old.) Moreover, the statutory mandatory minimum came into play only upon the Commonwealth's filing of its notice of intention to proceed under the Pennsylvania three strikes law, and

7

Pennsylvania law only requires that such notice be given *after* a conviction. *See* 42 Pa. Cons. Stat. Ann. § 9714(d). Thus, at the time of the colloquy, the sentencing range information communicated to McCollister was accurate. Under these circumstance, the Pennsylvania Superior Court's determination that McCollister validly waived his right to counsel is not an unreasonable application of precedents of the Supreme Court of the United States.

McCollister's reliance upon our decisions in *United States v. Booker*, 684 F.3d 421 (3d Cir. 2012), *United States v. Jones*, 452 F.3d 223 (3d Cir. 2006), and *United States v. Moskovits*, 86 F.3d 1303 (3d Cir. 1996), is unavailing. Although those decisions, which involved direct appellate court review of the validity of a waiver of counsel, bear some factual similarities to McCollister's situation, they cannot "be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced." *Marshall*, 133 S. Ct. at 1450. It is only the precedents of our High Court that set the boundaries of our review of the validity of a state court conviction. *See id.* at 1450-51 ("Although an appellate panel may, in accordance with its usual law-of-the-circuit procedures, look to circuit precedent to ascertain whether it has already held that the particular point in issue is clearly established by Supreme Court precedent, it may not canvass circuit decisions to determine whether a particular rule of law is so widely accepted among the Federal Circuits that it would, if presented to this Court, be accepted as correct.") (Citations omitted.) In light of the fact that the Supreme Court has not held that the omission of information pertaining to a statutory mandatory minimum or an inconsequential error

8

with respect to the maximum prison term voids an otherwise effective waiver of counsel, it cannot be said that the Pennsylvania Superior Court's ruling in this case is "an unreasonable application of the 'general standard[s]' established by the Court's assistance- of-counsel cases." *Id.* at 1450

IV.

For the foregoing reasons, we will affirm the District Court's judgment.