J-S31008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KURT OSTRANDER, | |
| Appellant | No. 1439 MDA 2014 |

Appeal from the Judgment of Sentence July 29, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004288-2012

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KURT OSTRANDER, | |
| Appellant | No. 1440 MDA 2014 |

Appeal from the Judgment of Sentence Entered July 29, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005003-2012

BEFORE:  BENDER, P.J.E., ALLEN, J., and WECHT, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JUNE 25, 2015**

Appellant, Kurt Ostrander, appeals from the judgment of sentence of two concurrent terms of six (6) months' to 729 days' imprisonment, followed by two years' probation, imposed after the trial court revoked Appellant's parole and re-sentenced him at a Gagnon II hearing on July 29, 2014. Appellant challenges the validity of his waiver of counsel at said hearing. We

vacate the judgment of sentence and remand this case for a new Gagnon II hearing.

The trial court outlined the procedural history of this case in its 1925(a) opinion as follows:

[Appellant] pled guilty to multiple charges on the above-captioned dockets on March 6, 2013.[1] On the same dockets, Appellant admitted to violating the terms of his probation during a Gagnon II hearing on July 29, 2014, and he was resentenced the same day.[2] Appellant filed a post-sentence motion on August 6, 2014, which [the trial court] denied on August 18, 2014.

[1] On docket 4288 of 2012, Appellant pled guilty to theft by unlawful taking, 18 Pa.C.S.[] § 3921(a), and possession of a controlled substance, 35 P.S. § 780-113(a)(16). On docket 5003 of 2012, Appellant pled guilty to possession of a controlled substance, 35 P.S. § 780-113(a)(16). For each of the three charges, Appellant was sentenced [to] a probationary term of two years, all to run concurrently.

[2] On docket 4288 of 2012, Appellant was sentenced to two concurrent terms of six months['] to 729 days' incarceration, with credit for eighty days' time served. On docket 5003 of 2012, Appellant was sentenced to two years' probation, consecutive to the sentence imposed at count one of docket 4288 of 2012.

The instant appeal has a convoluted history. Appellant filed a notice of appeal on August 27, 2014, and we ordered the filing of a concise statement of errors pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. Appellant filed a timely concise statement on September 19, 2014, which we considered in a 1925(a) opinion dated October 7, 2014. In another opinion, dated November 3, 2014, this Court explained why we denied Appellant's petition for bail pending appeal.

On December 15, 2014, the Superior Court filed an order directing that we appoint counsel for Appellant for purposes of his appeal. The next day, we appointed Douglas Waltman, Esquire, as conflict counsel. A new concise statement was filed on January 13, 2015.

Trial Court Opinion (TCO), dated 2/24/15, at 1.

Appellant now presents the following question for our review:

> Whether the sentencing court reversibly erred in conducting a Gagnon II hearing and re-sentencing [A]ppellant on July 29, 2014, where [A]ppellant was not represented by counsel and where the record does not support an ascertainment that [A]ppellant knowingly, intelligently, and voluntarily waived counsel with regard to the Gagnon II proceeding?

Appellant's Brief, at 7.

We begin by noting our standard of review. The determination of whether a waiver of counsel is valid is a question of law. "For questions of law, our scope of review is plenary and standard of review is *de novo*." ***Commonwealth v. El***, 933 A.2d 657, 662 (Pa. Super. 2007).

In ***Commonwealth v. McDonough***, 812 A.2d 504 (Pa. 2002), our Supreme Court stated the following:

> The right to counsel in a criminal proceeding is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and Article One, Section Nine of the Pennsylvania Constitution. A defendant may, however, waive this fundamental right and proceed with his defense *pro se*. If a defendant desires to do so, he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel.

***Id.*** at 506 (citations omitted).

Rule 121 of the Pennsylvania Rules of Criminal Procedure governs waiver of counsel and provides the following safeguards to ensure that such waiver is done knowingly, voluntarily, and intelligently:

> (2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing

authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

Pa.R.Crim.P. 121(A)(2).

Appellant argues that there is no Rule 121 waiver in the record in this case. Appellant's Brief, at 9. We agree. An examination of the record indicates that the following exchange took place at the Gagnon II hearing on July 29, 2014:

**District Attorney:** Again, he says he does not wish to proceed with counsel. Your honor, we're set for a formal Gagnon hearing.

**The Court:** Yes.

- 4 -

| | |
|---|---|
| **District Attorney:** | [Appellant] has just informed me that he is not contesting any of the violations. I have been in discussions with just proceeding with three of them anyway, the failure to abstain from controlled substances, failure to abstain from alcohol, and failure to comply with chemical testing. So at this point, I believe he is waiving his right to counsel and admitting that he's in violation of his supervision. |
| | … |
| **The Court:** | You acknowledge that you were in violation of your probation and your parole for the reasons that have been set forth and because of your drinking? |
| **Appellant:** | ([Appellant] moves head vertically.) Yes, Your Honor. |
| **The Court:** | All right. All right. At 4288 of 2012, at Counts 1 and 2, [Appellant] having admitted the violations, I find that he is in violation of his probation. |
| | … |
| | All right. Now, we have No. 5003 of 2012 which was another probationary sentence, correct? |
| **Appellant:** | Yes, Your Honor. |
| **Probation Officer:** | Yes. |
| **The Court:** | All right. [Appellant] has admitted the violation there. I find that he's in violation. |

TCO, at 2-3. (citations omitted).

Despite the fact that Appellant appeared before the trial court on several prior occasions without the assistance of counsel, case law dictates that:

> an effective waiver of counsel must include a colloquy that contains an inquiry into the six areas listed [in Rule 121], conducted on the record by the judge. '[A]ny shortcoming relative to this colloquy cannot be gauged to the quality of an accused's self-representation nor justified on the basis of his prior experience with the system.'

***Commonwealth v. Payson***, 723 A.2d 695, 704 (Pa. Super. 1999) (quoting ***Commonwealth v. Lloyd***, 535 A.2d 1152, 1163 (Pa. Super. 1988).

The Commonwealth and the trial court concede that the required Rule 121 colloquy was not conducted by the court at the Gagnon II hearing and, therefore, that this case should be remanded for a new Gagnon II hearing. We concur and remand this case for a new Gagnon II hearing at which time Appellant may be represented by counsel or Appellant may waive his right to counsel after the trial court conducts a thorough colloquy pursuant to Pa.R.Crim.P. 121(a)(2).

Judgment of sentence **vacated**. Case **remanded.** Jurisdiction **relinquished**.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/25/2015