J. S38008/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
           :           PENNSYLVANIA
         v.        :
           :
PHILOME CESAR,         :        No. 1718 EDA 2015
           :
        Appellant   :


Appeal from the PCRA Order, May 12, 2015,
in the Court of Common Pleas of Lehigh County
Criminal Division at Nos. CP-39-CR-0005299-2010,
CP-39-CR-0005301-2010, CP-39-CR-0005302-2010


BEFORE:  FORD ELLIOTT, P.J.E., OLSON AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED JULY 20, 2016**

Philome Cesar appeals from the order of May 12, 2015, denying his PCRA[1] petition.  We affirm.

Following a jury trial, appellant was found guilty of 19 counts of robbery and 1 count of providing false identification to law enforcement. Appellant was sentenced to an aggregate of 95 to 190 years' incarceration. On direct appeal, this court summarized the history of this matter as follows:

> A jury convicted [appellant] of committing nineteen separate armed robberies of Lehigh County convenience stores, hotels, and other commercial establishments.  [Appellant] displayed a firearm, threatening and terrorizing the victims with it during the crimes.  After a months-long robbery spree, [appellant] was ultimately apprehended and discovered to be in possession of items stolen from

---

[1] Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

several victims, as well as clothing matching the description of that worn by the perpetrator of these numerous offenses. Other physical evidence directly tied [appellant] to several of the robberies, and as all of the crimes had a similar *modus operandi*, the jury found [appellant] guilty of committing all nineteen robberies. [Appellant]'s conviction of providing false identification to law enforcement was based on his giving officers a false name at the time of his arrest.

The sentencing court reviewed a presentence report and, on December 20, 2011, the court held a sentencing hearing. Following the hearing, the court sentenced [appellant] to a mandatory term of five to ten years' incarceration for each of his nineteen robbery convictions, for an aggregate term of 95 to 190 years' imprisonment. The court imposed the mandatory sentence because during each offense, [appellant] brandished a firearm, placing his victims in fear of death or serious bodily injury. *See* 42 Pa.C.S. § 9712(a). [Appellant] filed a timely notice of appeal, as well as a timely concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b).[Footnote 1]

[Footnote 1] We note that during his trial and sentencing hearing, [appellant] chose to represent himself with the assistance of court-appointed standby counsel. However, following the imposition of his sentence, [appellant] moved for appointment of counsel to represent him on appeal, which the court granted. Accordingly, [appellant] is represented by counsel in this appeal.

*Commonwealth v. Cesar*, 75 A.3d 564, 2013 WL 11267500 at *1 (Pa.Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 635 (Pa. 2013).

On April 25, 2013, a divided panel of this court affirmed the judgment of sentence; and on October 10, 2013, our supreme court denied appellant's petition for allowance of appeal.[2]  *Id.*  This timely petition for post-conviction collateral relief was filed on July 25, 2014.  Counsel was appointed and filed an amended petition on appellant's behalf on December 11, 2014.  Therein, appellant raised two issues:  1) that the 5 to 10-year mandatory minimum sentences imposed pursuant to 42 Pa.C.S.A. § 9712(a) were unconstitutional in light of *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015); and 2) that appellant's waiver of counsel colloquy was inadequate. Following an evidentiary hearing held on April 17, 2015, at which appellant and trial counsel, Richard Webster, Esq., testified, the PCRA court granted

---

[2]  On direct appeal, among other issues, appellant challenged the discretionary aspects of sentencing, alleging that the consecutive nature of his sentences resulted in a manifestly excessive aggregate term of imprisonment in light of his individual circumstances.  Judge Lazarus, in a memorandum decision joined by Judge Colville, affirmed, finding that the sentence imposed was not "clearly unreasonable" within the meaning of 42 Pa.C.S.A. § 9781(d) and reflected the sentencing court's meaningful consideration of the facts of the crimes and appellant's character, including that appellant terrorized nineteen victims and an entire community for a whole summer.  *Id.* at *6-7.  President Judge Emeritus Bender filed a dissenting memorandum, opining that appellant's sentence was "clearly unreasonable" within the meaning of the Sentencing Code where it amounted to a life sentence and appellant did not inflict any physical harm on any of the victims.  *Id.* at *24.  Judge Bender also concluded that the sentencing court failed to consider appellant's history, personal characteristics, and need for rehabilitation.  *Id.*

the petition in part, and denied it in part. The PCRA court granted appellant a new sentencing hearing pursuant to **Alleyne**; however, the court denied appellant a new trial on appellant's claim that his waiver of trial counsel colloquy was inadequate. To the contrary, the PCRA court found that the oral waiver colloquy, together with the written waiver of counsel form, clearly established the voluntary, knowing, and intelligent nature of the relinquishment of appellant's right to be represented by counsel. (Opinion and Order, 5/12/15 at 7.) The PCRA court determined that appellant's testimony at the PCRA hearing was not credible and that appellant realized after the guilty verdict that, in hindsight, his decision to represent himself was not in his best interest. (**Id.** at 7-8 n.4.) This timely appeal followed.[3]

Appellant has raised the following issue for this court's review: "Whether the court erred in finding waiver of counsel was knowing, voluntary and intelligently made where [appellant] was not apprised of his ability to rescind the waiver and request representation by counsel?" (Appellant's brief at 6.)

Initially, we note our standard of review:

> Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and free of legal error. **Commonwealth v. Ceo**, 812 A.2d 1263, 1265

---

[3] On June 12, 2015, appellant was resentenced to an aggregate of 95 to 190 years' imprisonment. Appellant filed a separate appeal from the June 12, 2015 judgment of sentence at No. 1853 EDA 2015. However, no issue is being raised as to resentencing.

> (Pa.Super.2002) (citation omitted).  Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.  ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super.2001) (citation omitted).

***Commonwealth v. Wilson***, 824 A.2d 331, 333 (Pa.Super. 2003)

(***en banc***), ***appeal denied***, 839 A.2d 352 (Pa. 2003).

> To be entitled to PCRA relief, a petitioner must establish, by a preponderance of the evidence, his conviction or sentence resulted from one or more of the errors found in 42 Pa.C.S. § 9543(a)(2), his claims have not been previously litigated or waived, ***id.***, § 9543(a)(3), and "the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel."  ***Id.***, § 9543(a)(4).  An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue . . . ."  ***Id.***, § 9544(a)(2).  An issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state postconviction proceeding."  ***Id.***, § 9544(b).

***Commonwealth v. Keaton***, 45 A.3d 1050, 1060 (Pa. 2012).  It is well established that ordinary claims of trial court error are waived on PCRA review, unless they are properly layered in terms of counsel ineffectiveness. ***Commonwealth v. Williams***, 950 A.2d 294, 308 (Pa. 2008); ***Commonwealth v. Reyes***, 870 A.2d 888, 895-896 (Pa. 2005).

Appellant argues that the trial court failed to conduct a complete waiver of counsel colloquy as required by Pa.R.Crim.P. 121 where he was never informed of his right to rescind the waiver and request stand-by

counsel to take over. According to appellant, he mistakenly believed that once trial had begun, he had to continue **_pro se_** and could not request assistance of counsel. (Appellant's brief at 19-20.)

> The right to counsel in a criminal proceeding is a fundamental right guaranteed by the Sixth Amendment of the United States Constitution and Article One, Section Nine of the Pennsylvania Constitution. **_Faretta v. California_**, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); **_Commonwealth v. Szuchon_**, 506 Pa. 228, 484 A.2d 1365 (1984). A defendant may, however, waive this fundamental right and proceed with his defense **_pro se_**. **_Faretta_**, 422 U.S. at 835, 95 S.Ct. 2525; **_Szuchon_**, 484 A.2d at 1377. If a defendant desires to do so, he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel.

**_Commonwealth v. McDonough_**, 812 A.2d 504, 506 (Pa. 2002).

> Rule 121 of the Pennsylvania Rules of Criminal Procedure governs waiver of counsel proceedings and states in relevant part, "When a defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether there is a knowing, voluntary, and intelligent waiver of counsel." Pa.R.Crim.P. 121(c). To ensure that a waiver of counsel is knowing, voluntary, and intelligent, the following information must be elicited from the defendant: (1) whether the defendant understands that he has a right to be represented by counsel and the right to free counsel if he is indigent, (2) whether the defendant understands the nature of the charges against him and the elements of each of those charges, (3) whether the defendant is aware of the permissible range of sentences and/or fines for the offenses charged, (4) whether the defendant understands that if he waives the right to counsel he will still be bound by all the normal rules of procedure and that counsel would be familiar with

> these rules, (5) whether the defendant understands that there are possible defenses to these charges to which counsel might be aware, and if these defenses are not raised they may be lost permanently, and (6) whether the defendant understands that, in addition to defenses, the defendant has other rights that, if not timely asserted, may be lost permanently and that if errors occur and are not objected to or otherwise timely raised by the defendant, the objection to these errors may be lost permanently. ***See Commonwealth v. Starr***, 541 Pa. 564, 664 A.2d 1326, 1335 (1995); Pa.R.Crim.P. 121 cmt.

***McDonough***, 812 A.2d at 506-507 (footnote omitted).

We agree with the Commonwealth that this issue is waived. Appellant did not raise this issue on direct appeal, nor has he alleged ineffective assistance of direct appeal counsel for failing to raise the issue. Whether the trial court erred by allegedly failing to conduct a thorough waiver of counsel colloquy in compliance with Pa.R.Crim.P. 121 was cognizable on direct appeal. Therefore, the issue is waived. 42 Pa.C.S.A. § 9544(b).

Furthermore, the record belies appellant's contention. The trial court conducted a thorough and complete waiver of counsel colloquy, addressing each of the six areas required by Pa.R.Crim.P. 121. (Notes of testimony, 11/14/11 at 3-10.) Appellant also signed a written waiver form. (***Id.*** at 10.) Appellant has cited no authority for the proposition that the trial court was required to specifically advise him that he could rescind his decision to waive counsel at any time and ask standby counsel to take over. However, as the trial court observes, appellant's argument in this regard is undermined by the fact that after appellant waived counsel, he asked

Attorney Webster to litigate his pre-trial motions including a Pa.R.Crim.P. 600 speedy trial motion and a motion *in limine* to exclude shoeprint evidence. (*Id.* at 18-28.) Appellant's testimony at the PCRA evidentiary hearing that he was unaware he could withdraw his waiver of counsel and proceed with standby counsel during trial was found not to be credible by the PCRA court. The record indicates that appellant knowingly, voluntarily, and intelligently decided to waive counsel and proceed *pro se*. He was simply dissatisfied with the result. Therefore, even if this matter were not waived on PCRA review, which it is, we would find it to be without merit.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/20/2016