J-S51035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| WESLEY WILLIAMS, | : | |
| Appellant | : | No. 1429 EDA 2016 |

Appeal from the Judgment of Sentence January 7, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0006572-2015,
CP-51-CR-0006573-2015

BEFORE:   BOWES, SHOGAN, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:            **FILED AUGUST 28, 2017**

Appellant, Wesley Williams, appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County, which, sitting as finder of fact in Appellant's bench trial, found him guilty of two counts each of attempted burglary, criminal trespass, and possession of an instrument of crime (PIC).[1]  Sentenced to four to ten years' incarceration on his convictions for attempted burglary, a concurrent four to ten years for criminal trespass, and two years' probation for PIC, Appellant challenges the validity of his waiver of trial counsel and contends that the court abused its

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 901 and 3502, 3503, and 907, respectively.

exercise of sentence discretion. We vacate judgment of sentence and remand for a new trial.

The trial court aptly provides the factual and procedural history of Appellant's case as follows:

On October 22, 2015, following a [pre-trial] colloquy, Defendant [hereinafter Appellant] was permitted to proceed *pro se*, with back-up counsel. Appellant then proceeded to trial before [the trial] court, sitting without a jury.

***

Mark Paronish testified at trial that on June 11, 2015, he received a text message from his neighbor which caused him to go home. N.T. 10/22./15 at 12. He identified a photo of the rear of his property and testified that he did not give Appellant permission to enter his home. N.T. at 14-15.

Robert Kopansky testified that he was at home on June 11, 2015, when he saw Appellant climbing over the fence of the house behind his home. He observed Appellant cup his hands and peer in through the sliding door identified by Mr. Paronish as his property and attempt to open the door, before doing the same at the sliding glass door of the neighboring property. He attempted to open the sliding glass doors multiple times. N.T. at 17-23, 27. Appellant spent 15-20 minutes in the rear of the properties. N.T. at 23.

Mr. Kopansky observed that Appelalnt was carrying a small black shopping bag. N.T. at 21. Appellant removed an orange handled screwdriver from the bag and attempted to wedge it into the window of the second property. N.T. at 21, 22-23. Mr. Kopansky took photographs C-1 and C-2, which now show Appellant with the black bag, inside the fenced yards at the rear of the properties. N.T. at 19; C-1 and C-2.

During these events, Mr. Kopansky called 9-1-1. When the police arrived, he called out to them indicating where Appellant was located. As the police kicked open the door in the fence to reach Appellant, he threw the black bag over the fence into the

yard of a neighboring property. N.T. at 23-24. Mr. Kopansky directed the police to the bag, which they recovered. N.T. at 29.

\*\*\*

On January 7, 2016, Appellant [received his sentence, as noted *supra*. After Appellant filed a successful PCRA petition seeking reinstatement of his direct appellate rights *nunc pro tunc*, he filed this timely direct appeal through the Defender Association of Philadelphia].

Trial Court Opinion, filed 9/19/16 at 1, 2-3.

Appellant presents the following questions for our review:

I.    **DID NOT THE LOWER COURT ERR BY FAILING TO CONDUCT A COMPLETE AND THOROUGH ON THE RECORD COLLOQUY OF APPELLANT BEFORE ALLOWING HIM TO PROCEED TO TRIAL PRO SE IN VIOLATION OF PENNSYLVANIA RULE OF CRIMINAL PROCEDURE 121, WHICH RESULTED IN AN UNKNOWING, INVOLUNTARY AND UNINTELLIGENT WAIVER OF HIS RIGHT TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 9 OF THE PENNSYLVANIA CONSTITUTION?**

II.   **DID NOT THE LOWER COURT VIOLATE THE PRECEPTS OF THE PENNSYLVANIA SENTENCING CODE AND IMPOSE A SENTENCE THAT WAS MANIFESTLY UNREASONABLE, EXCESSIVE AND AN ABUSE OF DISCRETION?**

Appellant's brief at 4.

Appellant contends that the trial court erred in permitting him to proceed *pro se* without conducting an adequate waiver-of-counsel colloquy. Appellant begins by pointing out that a defendant's waiver of his federal and state constitutional rights to counsel must be knowing and intelligent, which requires a trial court to engage in a probing inquiry to ensure that the individual understands his right to counsel and the consequences of waiving

counsel. Appellant's brief at 16. He continues that there is a presumption against waiver and that waiver may not be presumed where the record is silent. Instead, the record must clearly demonstrate an informed relinquishment of a known right. *Id*. at 17 (citing ***Commonwealth v. Payson***, 723 A.2d 695, 700 (Pa.Super. 1999)).

Notably, the trial court concedes that its colloquy was deficient under Rule 121, *infra*, and recommends that we vacate judgment of sentence and remand this matter for a new trial. The Commonwealth does not contest Appellant's position as to the deficiency of the colloquy, but it responds that Appellant waived his claim where neither he nor his defense counsel objected during the colloquy or immediately afterward when the court asked if there were any questions or concerns. We address the Commonwealth's waiver position first.

In ***Commonwealth v. Davido***, 868 A.2d 431 (Pa. 2005), which involved a PCRA appeal, the Pennsylvania Supreme Court held that a trial court has a *sua sponte* duty to ensure that a proper colloquy is performed when a defendant seeks to represent himself. In so holding, the ***Davido*** Court rejected the position that it is incumbent upon counsel to object to a colloquy. Specifically, the Court reasoned:

> In ***Commonwealth v. McDonough***, 571 Pa. 232, 812 A.2d 504 (2002), this court considered whether the prosecutor could "colloquy" a defendant consistent with Rule 121. We acknowledged that a defendant had the right to represent himself at trial. ***McDonough***, 812 A.2d at 506 (*citing* ***Faretta v. California***, 422 U.S. 806, 807, 95 S.Ct. 2525, 45 L.Ed.2d 562

(1975)). We then made clear that when a defendant desired to represent himself, "he must petition the court and the court must follow the appropriate legal procedure for securing a valid waiver of counsel." *Id.* Rule 121 provided the appropriate legal procedure and could be complied with by the prosecutor's colloquy so long as the prosecutor inquired into the six areas set forth by the Comments to Rule 121 before the trial judge.[] *McDonough*, 812 A.2d at 506-07. In this way, the trial judge could ascertain on the record whether there was a knowing, voluntary, and intelligent waiver of counsel. *Id.* at 508. We stressed, however, that it was the trial judge who was "ultimately responsible for ensuring that the defendant is questioned about the six areas discussed above and for determining whether the defendant is indeed making an informed and independent decision to waive counsel." *Id*. Likewise, we held that it was the "trial judge" that had the duty to ensure that a defendant's right to counsel was protected. *Id.* Thus, we conclude that, consistent with *McDonough,* the Rules of Criminal Procedure are clear that it is up to the trial court, and not counsel, to ensure that a colloquy is performed if the defendant has invoked his right to self representation. The Commonwealth's argument that this claim must be pled as one of ineffectiveness fails.[]

*Davido*, 868 A.2d at 437–38. (footnotes omitted).[2] Given the Supreme Court's decision in *Davido*, therefore, we discern no merit to the Commonwealth's waiver argument.

---

[2] In footnote 12 of *Davido*, the Majority clarified that Rule 121(c) imposes a duty on the trial court to conduct, *sua sponte*, a full and complete waiver colloquy even where counsel does not squarely invoke the defendant's right to self-representation on his behalf. The Majority also dismissed the concern expressed in a concurring opinion that the decision "endorses hybrid representation." To this point, the Majority opined **at the time a defendant has affirmatively asserted his desire to proceed *pro se*, the defendant and his counsel are no longer working in concert. In fact, requiring counsel to take further action on a defendant's behalf after the defendant has requested to proceed *pro se* would undermine the Sixth Amendment right to self representation."** *Id*., at 438 n.12 (emphasis added).

We proceed, then, to review the adequacy of the trial court's waiver of counsel colloquy. The Pennsylvania Supreme Court promulgated Pa.R.Crim.P. 121 to guide trial courts in determining whether a defendant was knowingly, voluntarily, and intelligently waiving his right to an attorney. That rule provides:

**A) Generally.**

(1) The defendant may waive the right to be represented by counsel.

(2) To ensure that the defendant's waiver of the right to counsel is knowing, voluntary, and intelligent, the judge or issuing authority, at a minimum, shall elicit the following information from the defendant:

(a) that the defendant understands that he or she has the right to be represented by counsel, and the right to have free counsel appointed if the defendant is indigent;

(b) that the defendant understands the nature of the charges against the defendant and the elements of each of those charges;

(c) that the defendant is aware of the permissible range of sentences and/or fines for the offenses charged;

(d) that the defendant understands that if he or she waives the right to counsel, the defendant will still be bound by all the normal rules of procedure and that counsel would be familiar with these rules;

(e) that the defendant understands that there are possible defenses to these charges that counsel might be aware of, and if these defenses are not raised at trial, they may be lost permanently; and

(f) that the defendant understands that, in addition to defenses, the defendant has many rights that, if not timely asserted, may

be lost permanently; and that if errors occur and are not timely objected to, or otherwise timely raised by the defendant, these errors may be lost permanently.

(3) The judge or issuing authority may permit the attorney for the Commonwealth or defendant's attorney to conduct the examination of the defendant pursuant to paragraph (A)(2). The judge or issuing authority shall be present during this examination.

**(B) Proceedings Before an Issuing Authority.** When the defendant seeks to waive the right to counsel in a summary case or for a preliminary hearing in a court case, the issuing authority shall ascertain from the defendant whether this is a knowing, voluntary, and intelligent waiver of counsel. In addition, the waiver shall be in writing,

(1) signed by the defendant, with a representation that the defendant was told of the right to be represented and to have an attorney appointed if the defendant cannot afford one, and that the defendant chooses to act as his or her own attorney at the hearing or trial; and

(2) signed by the issuing authority, with a certification that the defendant's waiver was made knowingly, voluntarily, and intelligently.

The waiver shall be made a part of the record.

**(C) Proceedings Before a Judge.** When the defendant seeks to waive the right to counsel after the preliminary hearing, the judge shall ascertain from the defendant, on the record, whether this is a knowing, voluntary, and intelligent waiver of counsel.

**(D) Standby Counsel.** When the defendant's waiver of counsel is accepted, standby counsel may be appointed for the defendant. Standby counsel shall attend the proceedings and shall be available to the defendant for consultation and advice.

Pa.R.Crim.P. 121.

At Appellant's October 22, 2015, waiver of counsel hearing, the trial court conducted the following colloquy:

**COURT:**   How old are you today, sir?

**APPELLANT:**   Fifty-five.

**Q:**   How far did you go in school?

**A:**   Ninth grade.

**Q:**   Do you read, write, and understand the English language?

**A:**   Yes.

**Q:**   Are you under the influence today of any drugs or alcohol?

**A:**   No.

**Q:**   Have you taken any medication in the past two days?

**A:**   Just for my pain.

**Q:**   All right.  Do you have trouble understanding what I'm saying or what's going on today?

**A:**   No.

**Q:**   Have you ever been diagnosed with a mental illness or condition?

**A:**   No.

**Q:**   Has anybody forced you or coerced you to request self-representation in this case?

**A:**   No.

**Q:**   All right.  Is this a decision that you discussed with your attorney?

**A:**   Yes.

**Q:**   Do you understand, sir, that if you represent yourself, you would be at a substantial disadvantage because of your

knowledge about the law and the process and trial litigation?  Do you understand that?

**A:**   Yes.

**Q:**   You are willing to take on that disadvantage?

**A:**   Yes.

**Q:**   Do you understand that, while we may make some concessions since you're not a lawyer, the rules still apply to you?

**A:**   Okay.

**Q:**   You making that decision voluntarily despite these warnings means that if you are convicted and you raise this as an issue for appeal, it probably will not be successful because you are being warned and an attorney is being made available to you.  Do you understand that?

**A:**   Okay.

**Q:**   Do you understand that?

**A:**   Yes.

N.T. 10/22/15, 7-9.

Appellant submits that the trial court did not conduct a proper colloquy, as it overlooked critical provisions of Rule 121.  Specifically, the court failed to ask whether Appellant understood the nature of the charges of attempted burglary, criminal trespass and possession of an instrument of crime, and the elements of each of the charges, he argues.  It failed to elicit whether Appellant was aware of the permissible range of sentences and/or fines for the charges and whether he understood that there were possible defenses to the charges of which counsel might be aware, he continues.

Finally, the court failed to ask if he understood that, in addition to defenses, he possessed other rights and possible grounds to object to court errors that might be lost permanently if not timely asserted.

Our review of the record, Rule 121, and interpretive decisional law leads us to agree with both Appellant and the trial court that the court's colloquy failed to ask crucial questions designed to ascertain that a defendant understands the nature of the charges against him, the elements of each of those charges, and the permissible range of sentences and/or fines for the offenses charged. Without confirming Appellant's understanding of such matters, the court could not verify that his decision to waive his right to counsel and proceed *pro se* was knowing, voluntary, and intelligent. Accordingly, we are constrained to vacate judgment of sentence and remand for a new trial.[3]

Judgment of sentence is vacated. Case remanded for proceedings consistent with this decision. Jurisdiction is relinquished.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2017

---

[3] Our order vacating judgment of sentence renders moot the second issue Appellant raises for our review.