J-S11018-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHAHON GILMORE | : | |
| | : | |
| Appellant | : | No. 761 WDA 2016 |

Appeal from the Judgment of Sentence February 25, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003720-2013

BEFORE: OLSON, J., RANSOM, J., and STEVENS, P.J.E[*]

MEMORANDUM BY RANSOM, J.: **FILED MAY 05, 2017**

Appellant, Chahon Gilmore, appeals from the judgment of sentence of seven and one-half to twenty years of incarceration, imposed on February 25, 2016, following a jury trial resulting in his conviction for robbery, criminal conspiracy, burglary, recklessly endangering another person, and simple assault.[1] We affirm.

The trial court summarized the facts of the case as follows:

On October 14, 2013, at approximately 9:00 p.m., Appellant and his two co-defendants, Devonte Duck and Adrian Shaw, participated in a robbery at Joshua Hughes' residence located at 119 West 21st Street, Erie, PA. Appellant and Duck, both of whom were wearing black masks, forced their way into Hughes' residence and were shot by Hughes' friend Keyvon Silveus. Duck, who flaunted a firearm during the robbery, fled the

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S. §§ 3701, 903, 3502, 2705, and 2701, respectively.

residence and was later found lying in an adjoining yard with his firearm nearby. Appellant was shot in the head and apprehended while lying on Hughes' floor. Shaw, who was stationed outside the residence and held two of Hughes' friends at gunpoint, fled the scene after hearing gunshots from the residence.

Trial Court Opinion, 6/21/16, at 1 (citations and footnotes omitted).

In November 2015, a jury trial commenced, after which Appellant was found guilty of the aforementioned crimes. He was sentenced as outlined above. Appellant timely filed post sentence motions requesting modification of his sentence and a new trial, both of which were denied by the trial court. Appellant timely appealed and filed a court-ordered statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for review:

A. Whether the Commonwealth violated the Appellant's right to remain silent under Article 1, §9 of the Pennsylvania Constitution by eliciting testimony that the Appellant had, post-arrest, refused to speak with investigators?

B. Whether the trial court errored [sic] when it denied Appellant's pre-trial request to fire his trial counsel and have additional time to hire substitute counsel or prepare to proceed pro se?

C. Whether the trial court denied the Appellant his right to self representation as guaranteed by the 6th Amendment to the U.S. Constitution and Article 1, §9 of the Pennsylvania Constitution?

D. Whether the sentence imposed upon the defendant was clearly unreasonable and manifestly excessive.

Appellant's Brief at 5.

Appellant's first issue, that the trial court violated his right to remain silent, is waived, as he failed to properly preserve this issue for appellate review. According to Appellant, the Commonwealth violated his right to remain silent when it elicited rebuttal testimony from Detective Jason Triana that Appellant refused to discuss the robbery with police following his arrest. However, Appellant's trial counsel failed to object to this testimony. Thus, this issue is waived and cannot be raised on appeal. *See Commonwealth v. Tucker*, 143 A.3d 955, 961 (Pa. Super. 2016) ("[T]he failure to make a timely and specific objection before the trial court at the appropriate stage of the proceedings will result in waiver of the issue."); Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").[2]

Appellant has acknowledged the claim is waived; however, he raises a claim of ineffective assistance of counsel. Generally, such claims must await collateral review. *See Commonwealth v. Grant*, 813 A.2d 726 (2002) (holding as a general rule, a defendant should wait to raise claims of ineffective assistance of trial counsel until collateral review.)

---

[2] Absent waiver, Appellant's claim is without merit. Here, Appellant testified at trial, thus waiving his right against self-incrimination. In response, the Commonwealth presented rebuttal testimony to challenge his credibility. It was free to do so. *Commonwealth v. Molina*, 104 A.3d 430, 447 (Pa. 2014).

Appellant relies on *Commonwealth v. Holmes*, 79 A.3d 562 (Pa. 2013), in support of raising an ineffectiveness claim on direct review. *Holmes* provides that courts have discretion to consider ineffective assistance of counsel claims raised on direct appeal in limited circumstances. *Holmes* recognizes two exceptions, (1) extraordinary circumstances where a discrete claim is obvious and requires immediate consideration; (2) multiple claims where good cause is shown and there is an express waiver of PCRA review. *Id.* at 563-64. Both exceptions are left to the trial court's discretion. *Id.* Here, Appellant suggests he is only relying on the first exception. Appellant's Brief at 27. However, the trial court declined to address this claim. *See* Trial Court Opinion at 5. Further, Appellant's claim does not raise extraordinary circumstances that require immediate consideration. *Holmes*, 79 A.3d at 577*; see also, supra,* n.2 (citing *Molina*, 104 A.3d at 447). Accordingly, we discern no abuse of the court's discretion.

Appellant's second and third claims address his right to counsel. The Sixth Amendment to the United States Constitution provides that in all criminal prosecutions, the accused shall enjoy the right to the assistance of counsel for his or her defense. *Rothgery v. Gillespie County*, 554 U.S. 191, 198 (2008). Similarly, Article I, Section 9 of the Constitution of Pennsylvania affords a person accused of a criminal offense the right to counsel. *Commonwealth v. Lucarelli*, 971 A.2d 1173, 1178 (Pa. 2009) (citing *Commonwealth v. McDonough*, 812 A.2d 504, 506 (Pa. 2002)).

However, the constitutional right to counsel of one's own choice is not absolute. *Id.* (citing *Commonwealth v. Randolph*, 873 A.2d 1277, 1282 (Pa. 2005)). The right of an accused individual to choose his or her own counsel, as well as a lawyer's right to choose his or her clients, must be weighed against and may be reasonably restricted by the state's interest in the swift and efficient administration of criminal justice. *Id.* (citing *Randolph, supra* at 1282). "Thus, while defendants are entitled to choose their own counsel, they should not be permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." *Id*

In his second claim, Appellant asserts that the trial court erred in denying his pre-trial request to fire his privately retained counsel on the ground counsel was not prepared for trial. According to Appellant, counsel was "not representing [Appellant] to the best of his ability." Notes of Testimony, 11/17/15, at 3. In response, the court inquired whether counsel was prepared for trial. Counsel responded affirmatively, suggesting that he had spoken with Appellant on numerous occasions before Appellant's bond had been revoked, had reviewed discovery in the case, and that he was prepared to defend Appellant's case. *Id.* at 3-5.

Appellant's last minute request for new counsel would have delayed trial proceedings. It is well established that the decision to grant or deny a continuance is within the sound discretion of the trial court. *Commonwealth v. Flor*, 998 A.2d 606, 620 (Pa. 2010). An appellate court

will not disturb a trial court's decision absent an abuse of discretion by the court or prejudice. *Id.* An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law. *Commonwealth v. Bradford*, 2 A.3d 628, 632-633 (Pa. Super. 2010). Based upon the timing of Appellant's request and counsel's response to the court's inquiry, we discern no abuse of the court's discretion in denying Appellant's request. *Flor*, 998 A.2d at 620.

In his third claim, Appellant asserts the court erred in denying his repeated requests to proceed *pro se*. Again, no relief is due. Here, the court engaged Appellant in a lengthy colloquy to determine whether Appellant wished to proceed *pro se*. Notes of Testimony, 11/18/15 at 3-14. The court advised Appellant that he had three options: (1) plead guilty to all charges; (2) proceed with current counsel; or (3) self-representation. *Id.* at 14. Appellant chose to continue with his privately retained counsel. We discern no abuse of the court's discretion in this regard. *See Commonwealth v. El*, 977 A.2d 1158, 1165 (Pa. (2009) ("A request to take on one's own legal representation after meaningful proceedings have begun does not trigger the automatic constitutional right to proceed *pro se*. The decision is left to the sound discretion of the trial court."); *see also Commonwealth v. Vaglica*, 673 A.2d 371 (Pa. Super. 1996) (holding that meaningful trial proceedings begin once the process of jury selection is commenced). Appellant's case is analogous to *Vaglica*, Appellant's request

- 6 -

was made after jury selection, thus meaningful trial process had begun and Appellant may not automatically proceed *pro se*.

Appellant's final claim challenges the discretionary aspects of his sentence, a challenge which does not entitle him to review as of right. ***Commonwealth v. Allen***, 24 A.3d 1058, 1064 (Pa. Super. 2011). To invoke this Court's jurisdiction, an Appellant must satisfy a four-part test: 1) whether the appeal is timely; 2) whether Appellant preserved his issue; 3) whether Appellant's brief contains a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f); and 4) whether that statement raises a substantial question that the sentence is inappropriate under the Sentencing Code. ***See Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013); ***see also*** Pa.R.A.P. 2119(f).

Appellant timely appealed the judgment of sentence and filed timely post-sentence motions raising claims that he received an excessive sentence. ***See*** Defendant's Post-Sentence Motion, 3/7/16 at 2. Appellant failed to include in his brief a concise statement of reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). However, as the Commonwealth has not objected, we will consider whether Appellant has raised a substantial question.

The determination of a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Griffin***, 65 A.3d 932, 935 (Pa. Super. 2013). A substantial question exists only where the Appellant advances a colorable argument that the sentencing judge's actions were

either inconsistent with a specific provision of the Sentencing Code, or contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 913 (Pa. Super. 2000). A claim that a sentence is manifestly excessive may raise a substantial question if Appellant's Pa.R.A.P. 2119(f) statement sufficiently articulates the manner in which the sentence was inconsistent with the Code or contrary to its norms. ***Commonwealth v. Mouzon***, 812 A.2d 617, 627-28 (Pa. 2002).

Essentially, Appellant asserts that the sentence imposed by the trial court was excessive because it failed to adequately consider certain mitigating factors. Appellant's Brief at 38. (Appellant asserts that the court failed to give appropriate consideration to fact that as a result of the incident, he suffered physical, emotional and psychological pain. ***Id.*** at 38.) This claim does not raise a substantial question. ***See Commonwealth v. Ladamus***, 896 A.2d 592, 596 (Pa. Super. 2006) (holding that a defendant's contention that the trial court did not adequately consider mitigating circumstances, without more, does not raise a substantial question.)

Appellant also suggests the court relied on an impermissible factor. Appellant's Brief at 36-38. Here, Appellant implies the court increased his sentence because Appellant opted to proceed with a trial. This assertion raises a substantial question. ***See Commonwealth v. Allen***, 24 A.3d 1058, 1064-65 (Pa. Super. 2011) (recognizing a substantial question where Appellant argues that the court relied on an impermissible sentencing factor); ***Commonwealth v. Bethea***, 379 A.2d 102, 105 () ("[A] demand for

- 8 -

a jury trial is not a factor which warrants escalating the severity of a sentence[.]").

However, Appellant has acknowledged that the court repeatedly advised Appellant that it would not punish him for going to trial. Appellant's Brief at 37. Rather, the only evidence of record Appellant cites in support of this claim are court statements indicating that Appellant's trial testimony was not credible. However, Appellant further acknowledges that the court referenced Appellant's testimony to explain or support its conclusion that Appellant lacked remorse for his crime, a permissible sentencing factor. *See, e.g., Commonwealth v. Bowen*, 975 A.2d 1120, 1125 (Pa. Super. 2009).

Accordingly, we conclude that while Appellant has raised a substantial question concerning whether his sentence was excessive, a review of the trial court's analysis reveals that this issue has no merit.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/5/2017